## NAGLE et al. v. WYOGA GAS & OIL CORPORATION et al.
### No. 1159.

District Court, M. D. Pennsylvania.

May 24, 1935.

Charles F. Greevy, of Williamsport, Pa., and Richard H. Klein and Russell S. Machmer, both of Sunbury, Pa., for plaintiffs.

John G. Reading and Thomas Wood, both of Williamsport, Pa., for defendants.

JOHNSON, District Judge.

This is a stockholders' bill in equity by minority stockholders of the Wyoga Gas & Oil Corporation against the Wyoga Gas & Oil Corporation, its officers and directors, and certain enumerated individual defendants. All the plaintiff stockholders are residents and citizens of Pennsylvania and the Middle District thereof. The defendant Wyoga Gas & Oil Corporation is a corporation incorporated and operating under the laws of the state of Delaware. The defendant officers and directors and all but two of the individual defendants are residents and citizens of Pennsylvania and the Middle District thereof. One individual defendant, R. E. Kearney, is a citizen of the state of New Jersey, and another, George J. Hartman, is a citizen of a town unknown in South America. An appearance was entered for all of the defendants except the latter two, who do not appear to have been served with process.

The bill is lengthy and detailed, but in substance alleges that the officers and board of directors of the defendant corporation, by a course of mismanagement and misconduct, have entered into contracts in violation of their fiduciary relationship, whereby they advanced their personal interests to the detriment of the corporation and the stockholders, that the minority stockholders repeatedly called the attention of the officers and directors to said wrongs, and demanded them to bring suit and right the wrongs, but that the relief was refused. The bill prays for the appointment of a receiver, an accounting from various defendants, and an injunction against some defendants.

The defendants moved to dismiss the bill for want of jurisdiction, for the reason, among others, that the defendant directors, officers, and all but two of the individual defendants are citizens and residents of this federal district as well as all

906

the plaintiffs; that therefore the requisite diversity of citizenship is lacking to give this court jurisdiction.

The plaintiffs contend that, since they are stockholders of the Wyoga Gas & Oil Corporation, they are conclusively presumed to be citizens of the same state as the corporation, the state of Delaware; that, since they are bringing this suit on behalf of the corporation and in its interest, which the corporation itself could institute were it not controlled by the very persons against whom the corporation is entitled to relief, the corporation is in fact a plaintiff, and should be realigned with the plaintiffs in order to have all Delaware citizens as plaintiffs and all Pennsylvania citizens as defendants.

The object of the presumption that the stockholders of a corporation are deemed to be citizens of the corporation's domicile is to establish the citizenship of the legal entity for the purpose of jurisdiction in the federal courts. Such presumption has no relation to the citizenship of individuals as parties to a controversy in their own right. It follows that there is no legal presumption that the individual complainants, who are also stockholders of the defendant corporation, are citizens of the same state as the corporation. Doctor v. Harrington, 196 U. S. 579, 25 S. Ct. 355, 49 L. Ed. 606; Utah-Nevada Co. v. De Lamar (C. C. A.) 133 F. 113, certiorari denied 199 U. S. 605, 26 S. Ct. 746, 50 L. Ed. 330.

The defendant corporation cannot be aligned with the plaintiff, since it appears from the bill that those in control of the corporation are opposed to the object sought to be obtained by the complainants in their suit. The "fact that the ultimate interest of a corporate defendant may be the same as that of the complaining stockholders does not require, in arranging the parties to a cause, that such corporation be grouped on the side of the complainants, if it is under a control antagonistic to the complainants and is made to act in a way detrimental to their rights. * * *" Hughes, Federal Practice, vol. 2, § 747; Kelly v. Mississippi River Coaling Co. et al. (C. C.) 175 F, 482; 28 USCA § 41 (1), note 653.

A federal court is presumed to be without jurisdiction of a suit until the contrary affirmatively appears. To give a federal court jurisdiction on the ground of diversity of citizenship, all parties on one side must be citizens of different states from all persons on the other side. Danks v. Gordon et al. (C. C. A.) 272 F. 821; Osthaus v. Button et al. (C. C. A.) 70 F. (2d) 392; 28 USCA § 41 (1) note 598. The pleadings show that all the plaintiff stockholders and all the defendants except the corporation, R. E. Kearney, and George J. Hartman, are citizens of Pennsylvania. Since it has been shown that the defendant corporation cannot be aligned as a party plaintiff and that the plaintiff stockholders, as individual parties to the controversy, are not presumed to be citizens of the same state as the corporation, it follows that there is not present the complete diversity of citizenship required to give the court jurisdiction of this case.

And now, May 24, 1935, the motion to dismiss the bill of complaint is sustained, and the bill is dismissed, at the cost of the complainants.