## TACHNA v. INSURANSHARES CORPORATION OF DELAWARE et al.

### No. 4629.

District Court, D. Massachusetts.

Nov. 29, 1938.

John J. Burns, Edmund J. Brandon, and Nathan H. David, all of Boston, Mass., for plaintiff.

Lothrop Withington and Withington, Cross, Proctor & Park, all of Boston, Mass., for defendants Paine, Webber & Co.

Wm. A. Kneeland, of Boston, Mass., for defendant Insuranshares Corp. of Delaware.

S. Leo Solomont, Thomas F. Stanton, Ralph H. Robb, and Thomas W. Morris, all of Boston, Mass., pro se.

Arthur Berenson and Bernard Berenson, both of Boston, Mass., for defendants Ralph H. Robb and Thomas W. Morris.

Lothrop Withington, of Boston, Mass., for Paine, Webber & Co. and individual defendants who are named as members of that firm and have been served.

David J. Cohen, of Boston, Mass., for Wendell P. Sumner, Ex'r., et al., petitioners for leave to intervene.

David J. Cohen and Edward J. Flavin, both of Boston, Mass., for Barney Sheff and Jacob Bloom, petitioners for leave to intervene.

McLELLAN, District Judge.

These petitions for leave to intervene as parties plaintiff appeared on yesterday's Motion List and were then argued.

The petitioners are Wendell P. Sumner and Anita N. Perkins, executors and trus-

tees under the will of Fred J. Sumner, Barney Sheff and Jacob Bloom. They are all citizens of Massachusetts. This suit, in which each of them seeks to intervene as party plaintiff, was brought by a stockholder of the defendant Insuranshares Corporation of Delaware.

The federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, deal with Intervention of Right and Permissive Intervention. They provide that upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof. Rule 24(a). There is no such applicable statute and the provision as to property in the custody of the court or officer of the court is not here relevant. It may well be that the petitioners will be bound by a judgment in this suit, Dana v. Morgan, 2 Cir., 232 F. 85, but there is no suggestion and I do not find that the representation of the petitioners' interest is or may be inadequate. There is here no absolute right of intervention.

As to Permissive Intervention, the rule provides that it may be had when an applicant's claim and the main action have a question of law or fact in common, a situation here present. But the granting or withholding of intervention is discretionary, and the rule goes on to say that in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the parties. Rule 24 (b), 28 U.S.C.A. following section 723c. I do not understand the rule to mean that this is all that may be considered by the court in the exercise of its discretion.

A brief statement of the situation disclosed by the papers and the concessions of the parties may not be amiss. The action was brought by a corporate stockholder to enforce an alleged cause of action belonging to the corporation. The defendants are the corporation and persons alleged to have wronged it. The corporation is chartered in Delaware. The other defendants are Massachusetts citizens. The court's jurisdiction depends upon diversity of citizenship,—the venue upon United States Code, Title 28, Section 112, 28 U.S.C.A. § 112, which, so far as material, provides: " * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

This section, as I view it, deals with venue,—not with jurisdiction,—and does not authorize an original suit in the United States District Court by Massachusetts stockholders of a Delaware corporation against a foreign corporation and corporate directors who are citizens of Massachusetts. Whether the intervention in this suit as parties plaintiff of citizens of Massachusetts would defeat the jurisdiction of this court, which is based on diversity of citizenship, need not be decided. Compare Devost v. Twin State Gas & Electric Company, 1 Cir., 250 F. 349, and Wichita R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124.

When this action was brought, no suit had been instituted by the corporation against the individual defendants. Concededly such a corporate suit is now pending. The plaintiff in the action at bar alleged that no demand had been made upon the corporation to take action on the ground that "any such demand would be futile and unavailing." The applicants for intervention allege that they join in and adopt the allegations set forth in behalf of the plaintiff in the bill of complaint. At the bar they conceded, as heretofore stated, that a corporate suit is now pending.

Rule 23 (b) states the required averments in a secondary action by shareholders and Rule 24 (c) that a motion for intervention shall state the grounds therefor and shall be accompanied by a plead-

ing setting forth the claim for which intervention is brought.

In view of the possibility that an intervention by Massachusetts stockholders may deprive the court of jurisdiction, the absence of any showing or suggestion that the rights of the applicants for intervention will or may be inadequately protected, the whole situation disclosed by the papers and the mutual concessions of counsel, and the complications which might arise from their allowance, I think that in the exercise of the court's discretion in the premises the three motions should be and they are denied.