**WILKINSON v. POWELL et al.**

No. 11175.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1945.

Julius F. Parker and Leo L. Foster, both of Tallahassee, Fla., for appellant.

Lawrence A. Truett and Chas. S. Ausley, both of Tallahassee, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant brought this suit under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51-60. He averred that on December 15, 1941, appellees were operating a train in interstate commerce in the State of South Carolina; that he was employed by appellees to operate the said train and was negligently put to work on or about said train where the roadbed and right-of-way, due to negligence of defendants, was unsafe; and that while so working he suffered injuries and burns on and about his feet, legs, thighs, and body. He prayed for judgment in the sum of $10,000 and costs.

Appellees denied the allegation of negligence and set up that the complaint failed to state a claim upon which relief could be granted. Thereafter, appellees submitted to appellant certain requests for admissions, one of which purported to describe in detail the manner in which appellant was injured. Some of the requests were admitted, some were neither admitted nor denied, and some, including the particular request dealing with the manner in which the injuries were sustained, were denied. Based upon the pleadings, the admissions, and certain affidavits attached to the motion, appellees then moved for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. At the hearing on the motion, appellant offered no counter-affidavits and no testimony. In due course, the court granted the motion and entered a summary judgment for the appellees. This appeal is prosecuted therefrom.

The following questions are before us: (1) Do the pleadings, admissions, and affidavits disclose that there was a genuine issue as to a material fact; and (2) are the appellees entitled to a judgment as a matter of law?

The affidavits attached to the motion for a summary judgment stated these facts: That on December 15, 1941, appellant was the conductor of a freight train operated by appellees. After instructing his crew with regard to switching the cars in the yards of Southern Kraft Paper Company, in Georgetown, South Carolina, he sat down by a fire that had been built by a negro employee of the Southern Kraft Paper Company some forty feet from the track upon which his train was standing. While sitting there he had a spell, (the nature of which is not revealed by the record), as a result of which he fell into the fire and received burns about his left leg and other parts of his body. This fire was not on the premises of the appellees nor upon the tracks, roadbeds, or right-of-way controlled or maintained by them, and there is no suggestion that appellant's fall into the fire was due to any negligence on appellees' part. A short time before the accident, appellant was examined by appellees' doctor and appeared normal. Though he had previously had a heart attack, he admitted that he was in the employ of appellees and engaged in their work by his own volition and affirmative request for employment, and that he could have voluntarily withdrawn from such employment if he had so desired.

Appellant points to his allegation that "defendant employed plaintiff as conductor of said train and negligently put plain-

tiff to work on and about said train where the roadbed and right-of-way, due to negligence of said defendant, was unsafe," which allegation was denied in appellees' answer, and to his denial of the alleged manner in which his injuries were received as set forth in his reply to appellees' request for admission of facts, in support of his contention that the record discloses a genuine issue of material fact.

In Volume 3, Moore's Federal Practice under the new Federal Rules, page 3174, the learned authors say: "The summary judgment procedure prescribed in Rule 56 is a procedural device for promptly disposing of actions in which there is no genuine issue as to any material fact. In many cases there is no genuine issue of fact, although such issue is raised by the formal pleadings. * * * 'The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.'[1] To attain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by a summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there is no genuine issue of fact to be tried."

The negligence charged by appellant to appellees in the bill of complaint is that they negligently put him to work on and about a train where the roadbed and right-of-way, due to their negligence, was unsafe. This allegation is in the nature of a conclusion with respect to which no facts whatsoever are set forth. Appellees' denial, therefore, is, at most, a formal pleading.

In answer to appellees' request for admission of facts setting forth the details of the manner in which he received his injuries, appellant replied as follows: "Plaintiff denies that the manner in which he received the injuries was as he was requested to admit in defendants' request No. 3."

It is to be noted that appellant does not set out the manner in which he received his injuries, nor does he state wherein the description thereof as set forth in appellees' request for admission of facts was erroneous. The language of the denial suggests that, because of some slight variation or of some immaterial misstatement in the submitted request, appellant felt justified in denying "that the manner in which he received the injuries was as he was requested to admit." Such a denial, however, was not sufficient to offset the sworn affidavits of fact filed by the appellees.[2] It was incumbent upon appellant to do more, and upon the trial of appellees' motion, appellant's failure to offer in evidence counter-affidavits or testimony of some kind to off-set the affidavits filed by appellees warranted the court below in finding that no genuine issue of a material fact existed.

Appellant's contention that appellees were not entitled to judgment as a matter of law is based on the supposition that the record discloses a genuine issue as to a material fact. He apparently concedes that if no such issue is present then under the facts as set forth in the affidavits, appellees were entitled to judgment as a matter of law. In this view we concur. We have found present no genuine issue as to a material fact and the evidence reveals no negligence chargeable to appellees. Appellant's injuries were received through instrumentalities wholly foreign to his employment, and in a manner entirely disconnected therewith. Under such circumstances appellees were entitled to judgment as a matter of law.

The judgment appealed from is correct and is accordingly affirmed.

[1] Per Judge, later Justice, Cardozo in Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 1041.

[2] Cf. Board of Public Instruction for County of Hernando, State of Florida, v. Meredith, 5 Cir., 119 F.2d 712.