KOHLER (HIBERNIA BANK & TRUST CO., Intervener) v. HUMPHREY et al.

No. 12662.

United States Court of Appeals
Fifth Circuit.

June 10, 1949.

Rehearing Denied July 21, 1949.

Bertrand I. Cahn and Sidney G. Roos, New Orleans, La., W. Herbert Hodges, Atlanta, Ga., Richard A. Dowling, New Orleans, La., for intervener-appellant.

William G. McRae and Harry W. Belfor, Atlanta, Ga., for plaintiff-appellant.

Arthur A. Moreno, New Orleans, La., for appellee.

Before HUTCHESON, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The original nature of the case sufficiently appears in Kohler v. McClellan, 5 Cir., 156 F.2d 908. It was there treated as a stockholders' derivative action in behalf of the corporation (referred to as Crescent) against McClellan, who was a director and the president of the corporation, and against other persons, some of whom were also directors. Crescent was by amendment made a party, and service made on its secretary, but it filed no pleadings. A general dismissal of the suit was by this court affirmed as to "all the defendants except McClellan on all causes of action except the cause of action growing out of the alleged plan to wreck Crescent and the consequential sheriff's sale of Crescent's assets under said plan". As to this cause of action the dismissal was reversed. The district court thereupon ordered the plaintiff, who was suing in behalf of himself and other stockholders similarly situated, to replead his case. He did this, calling the pleading a supplemental and amended bill of complaint. It named as defendants only the personal representatives of McClellan, who had died, and realleged a protracted plan to improperly appropriate a large part of the assets of the corporation and cause a sheriff's sale of the remainder, nominally to satisfy its bonds but in purpose and effect, by the formation of a new corporation, to receive the assets and to obtain a benefit by the sale in bulk of all the assets at an inadequate price, causing great loss to the stockholders. The complaint as it stood before the repleader had prayed that "the monetary judgment herein prayed for against the defendants shall be in the name of and for the benefit of the Crescent City Laundries, Inc., for the benefit and advantage and interest of the minority stockholders and creditors, including your plaintiff and others similarly situated". The prayer of the repleaded complaint was for "judgment in favor of complainant and against the defendants commanding the defendants to pay to the complainant individually and on behalf of others similarly situated who may join in this action and become parties complainant hereto and contribute to the expense hereof, the sum of $4,266,398". Only the representatives of McClellan were served with the repleader or took further part in the case. McClellan's representatives answered. In the midst of a long trial the judge required of plaintiff's counsel that he explain the legal theory on which he was proceeding and produce the authorities he had therefor. After consultation with his associates, counsel stated that he construed the decision of the Court of Appeals to mean that the cause of action preserved was a shareholder's direct and individual cause of action and not a shareholder's derivative action, and he cited authorities bearing on the law of civil conspiracy. The trial continued on that line until the plaintiff closed his evidence. At this point Hibernia Bank in Liquidation, after proper leave from the State court having its affairs in charge, sought to intervene as a stockholder in like situation with plaintiff, but its motion asserted that the complaint was still, or ought to be, one to enforce through the stockholders the rights of Crescent, and that Crescent was still a party, or ought to be served as such, and offered to bring to the court's attention additional evidence. The intervention in effect stated that if the court was of opinion that the suit was in behalf of the corporation, intervenor considered its interests were not being adequately represented, and because it would be bound by the judgment it was entitled to intervene of right to protect its interests; but if the suit was only for the stockholder's individual right it did not wish to be a party. The intervention was denied. After the court made its findings of law and fact, the Bank renewed its application to intervene, asking for additional findings, and for leave to bring to the attention of the Court unconsidered evidence. The application was again denied.

The judge in his final opinion discussed several views of the pleadings, and whether Crescent had ever been effectively served and made a party, but he at the last expressed the firm conclusion that by the repleader the plaintiff had dropped the corporation's right of action by a complete departure in pleading, acquiesced in by the defendants, thereafter asserting only a

claim by the stockholders as for a direct tort to them. The formal findings of fact were to the effect that the bondholders made the decision to sell out the assets, that McClellan did not favor the foreclosure, and had no understanding that the assets would be bought in at a profit; that the property brought at the sale less than the principal of the bonds, leaving a large amount still due the bondholders. Nothing was found as to other matters which would have been important in a suit by the corporation for failure in or breach of duty by an officer and director. The conclusions of law, though holding for several reasons that the suit was no longer a stockholders' derivative action and could not proceed as such, stated at the end that the evidence would not sustain either kind of suit. Recovery was denied and the suit dismissed. The plaintiff appeals from the judgment of dismissal, and Hibernia Bank in Liquidation appeals from the judgment denying it leave to intervene.

1. As to plaintiff's appeal, we are of opinion that he cannot complain of the Court's having decided that his suit was for a direct, personal tort to himself and other minority stockholders. Such is the import of his final pleadings, and such was his contention in the argument to the court. The fact-finding that there was no conspiracy led by McClellan to wrong plaintiff and other minority stockholders such as plaintiff alleged, is well justified by the evidence. McClellan himself was a large holder of both common and preferred stock, and owned bonds in a comparatively small amount. The fact-findings as made were enough to negative the direct tort of conspiracy to injure minority stockholders.

2. The refusal of the court to allow the intervention of Hibernia Bank in Liquidation was orally based on several grounds, the validity of which we do not examine. It stated in effect that the Bank did not wish to become a party to a tort suit, but did wish to be heard on any claim by Crescent against its president and director if that was to be tried. While the court did not then and there decide what view it would take, it did, as we have just seen, finally hold it to be a tort suit unsustained by the evidence. In such a suit the Bank did not wish to intervene. The Bank therefore has no ground to complain. The statement at the end of the conclusions of law that the evidence would not sustain either kind of suit we disregard, it being unsupported by detailed findings of fact as to the conduct of McClellan as an officer and director. We have not searched the great mass of evidence to see what facts might have been found.

The judgments appealed from are each affirmed, each appellant to bear the costs of his appeal.

Affirmed.