**TUCKER v. NEW ORLEANS LAUNDRIES, Inc. et al.**

**Civ. A. No. 2509.**

United States District Court
E. D. Louisiana, New Orleans Division.

Dec. 27, 1949.

Richard A. Dowling, New Orleans, La., William G. McRae, Atlanta, Georgia, for plaintiff.

A. A. Moreno, H. Martin Hunley, Jr., New Orleans, La., for Hibernia National Bank, et al.

A. P. Miceli, New Orleans, La., for Chas. Leftwich, et al.

Rudolph J. Weinmann, New Orleans, La., for Succession of Felix P. Vacarro.

Charles Kohlmeyer, Jr., George B. Matthews, New Orleans, La., for Mrs. Charles (Janet L.) Kohlmeyer, Jr.

Dufour, St. Paul & Levy, New Orleans, La. (Leonard B. Levy, New Orleans, La.) for Charles Lob, et al.

Nicholas Callan, New Orleans, La., for William Pharr Stewart, et al.

Rosen, Kammer, Wolff, Hopkins & Burke, and Justin V. Wolff, New Orleans, La., for Standard Fruit and Steamship Co.

Azzo J. Plough, Sidney W. Provensal, Jr., New Orleans, La., for Harry S. H. Verlander.

Eldon S. Lazarus, Herbert S. Weil, New Orleans, La., for W. Irving Moss.

Julian B. Humphrey, New Orleans, La. in pro. per.

Paul B. Habans, S. Goldman, New Orleans, La., for Edward C. Barker et al.

Edwin F. Marx, New Orleans, La., for Edwin F. Marx.

Sidney Wolff, New York City, for New Orleans Laundries, Inc.

M. F. Goldstein, Atlanta, Ga., for National Linen Service Corporation.

Monroe & Lemann, Monte M. Lemann, Nicholas Callan, New Orleans, La., for Monte M. Lemann et al.

Monte M. Lemann, New Orleans, La., for Administrators of Tulane Educational Fund.

292

BORAH, Circuit Judge.

Plaintiff, a shareholder of Crescent City Laundries, Inc., hereinafter called Crescent, and a citizen and resident of Louisiana, insituted this action, based on diversity, in the Eastern District of Louisiana against Crescent, a Maine corporation, and fifty-one other persons or their representatives who are alleged to have wronged it. Of the fifty-one defendants, forty-five are citizens of the State of Louisiana, three are Delaware Corporations licensed to do business in the State of Louisiana, one is a foreign corporation with an office and place of business in New Orleans, Louisiana, one a citizen of New York and one a citizen of Texas. Forty-four of the defendants were served within the Eastern District of Louisiana. The two citizens of New York and Texas were not served and have not appeared in the action. The United States Marshal's return for the service of the original summons and complaint upon Crescent shows that service was made on Ernest L. McLean, Clerk of Crescent at Augusta, Maine.[1] There is no return to show service made on Crescent of the amended complaint. Each of the defendants served and the representatives of one Louisiana citizen who was not served have appeared and moved to dismiss the complaint as to them on divers grounds. In the aggregate twenty-eight grounds are asserted.

A number of the movers herein insist that this court is without jurisdiction because there is no diversity of citizenship between the plaintiff, Mrs. Tucker, who is a citizen of Louisiana, and said movers, who are also citizens of Louisiana.

The plaintiff on the other hand insists that diversity of citizenship between the plaintiff who brings a stockholder's derivative action on behalf of his corporation and all the defendants is not necessary to confer jurisdiction upon a federal court, for the reason that the citizenship of the plaintiff stockholder in such cases is made the same as the citizenship of the corporation in whose right the action is brought. Relying upon Title 28 U.S.C.A. § 1401, which provides that: "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants", plaintiff further contends that the Eastern District of Louisiana is a proper venue for this action because all of the defendants who have been served reside in this district and might have been sued here by Crescent, a Maine corporation, whose citizenship is diverse from the citizenship of all of said defendants.

Where as here jurisdiction is founded upon diversity of citizenship it is well settled that there is diversity of citizenship only when all the parties upon one side of the controversy are of different citizenship from all of the parties on the other side.[2] This, however, is not determined merely by the title to the action. If in any case the caption does not reflect the true relation of the parties to the controversy, they are realigned according to interest and the question whether diversity exists is determined after such realignment.[3] But in a stockholder's derivative action the corporation whose right is asserted is properly aligned as a defendant where, as is here alleged, it is in antagonistic hands.[4] Commencing with the leading case of Dodge v. Woolsey, 18 How. 331, 59 U.S. 331, 15 L.Ed. 401, and continuing throughout the years, the courts have in this class of cases consistently refused to realign the corporate defendant in whose behalf plaintiff sues, as a party plaintiff.[5]

1. Crescent's license to do business was withdrawn in the State of Louisiana long prior to the filing of this action, and its charter in Maine was suspended on December 1, 1943, because of the failure to pay its 1942 franchise tax.

2. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435.

3. City of Indianapolis v. Chase National Bank, Trustee, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47.

4. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606.

5. Venner v. Great Northern Railway, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666;

In Koster v. (American) Lumbermens Mutual, the court said [330 U.S. 518, 67 S.Ct. 831]: "The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself. If, however, such a case as this were treated as other actions, the federal court would realign the parties for jurisdictional purposes according to their real interests. In this case, which is typical of many, this would put Lumbermens on the plaintiff's side, Illinois corporations would then appear among plaintiffs and among defendants, and jurisdiction would be ousted. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. But jurisdiction is saved in this class of cases by a special dispensation because the corporation is in antagonistic hands. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606."

■ The general rule which obligates the court to realign the parties for jurisdictional purposes according to their real interests is not invoked in stockholders' bills where the corporation is in antagonistic hands. The court should accordingly leave the parties here where the pleader has arranged them. Under the allegations of the within complaint plaintiff's controversy is with Crescent and the alleged wrongdoers and both are rightfully and necessarily made defendants, and neither can, for jurisdictional purposes, be regarded otherwise than as a defendant. It is clear from the authorities that the defendant corporation cannot be aligned as a party plaintiff, and since it is equally plain that the plaintiff stockholder, as an individual party to the controversy, is not presumed to be a citizen of the same state as the corporation,[6] it follows that there is not present the complete diversity of citizenship required to give the court jurisdiction of this case,[7] unless, as is not the case here, those defendants whose presence ousts the court of jurisdiction are mere formal parties.

Here, however, plaintiff has drawn her complaint on the theory of a conspiracy as a single cause of action, in which she alleges in paragraph 407(d) that "the majority of Crescent's directors and the majority of its shareholders are necessary parties in this action." The joinder of the defendants was the act of the plaintiff, and binding on her, and the court is without jurisdiction.[8] However the jurisdictional defect may, under certain circumstances, be cured if the parties improperly joined are necessary but not indispensable, for the court, in the exercise of a sound discretion,[9] on motion of any party or on its own initiative, may permit them to be dropped under Rule 21, Federal Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A.

But even though we hold that the majority of Crescent's directors and a majority of its shareholders are necessary and not indispensable parties, and that the court has the power to dismiss all of the Louisiana citizens and retain jurisdiction over the five remaining corporate defendants, including Crescent, we must consider whether it is good judgment so to exercise the court's discretion.

The complaint charges a general conspiracy to wreck and mulct Crescent of its assets. Named as defendants are all the

Koster v. (American) Lumbermens Mutual Casualty Company, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Harris v. Brown et al., D.C., 6 F.2d 922.

6. Doctor v. Harrington, supra; Nagle et al. v. Wyoga Gas & Oil Corp. et al., D.C., 10 F.Supp. 905.

7. 35 Corpus Juris Secundum, Federal. Courts, § 59, page 885.

8. Lee v. Lehigh Valley Coal Co., 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782; Olsen v. Jacklowitz et al., 2 Cir., 74 F.2d 718; Meyer v. Kansas City Southern Railroad Co., D.C., 11 F.Supp. 937, affirmed 2 Cir., 84 F.2d 411, certiorari denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448; McGrier v. P. Ballantine & Sons et al., D.C., 44 F.Supp. 762.

9. Weaver et al. v. Marcus et al., 4 Cir., 165 F.2d 862, 175 A.L.R. 1305; Foreman v. Mesirow, 5 Cir., 167 F.2d 711

directors of Crescent, all the duly constituted voting trustees for the common stock of National Linen Service Corporation, the bondholders of a majority of Crescent's outstanding and past due bonds, the members of the bondholders protective committee of Crescent City Laundries, the attorneys for the Trustee of the First Mortgage Seven Percent Serial Gold Bonds of Crescent, the attorneys for bondholders protective committee of Crescent and for New Orleans Laundries, Inc., the voting trustees for the common stock of Crescent, holders of the majority of Crescent's common stock, all the directors of New Orleans Laundries, Inc., and New Orleans Laundries, Inc., and others who likewise are alleged to have joined the conspiracy prior to July 9, 1942.

All of Crescent's assets were sold at public outcry at Sheriff's sale on July 9, 1942. This suit has as one of its objectives the restoring of those assets to Crescent. The relief prayed for includes an accounting against all defendants with respect to the property divested from Crescent in 1942, an injunction against certain named defendants, the appointment of a receiver, and in respect to the assets of Crescent, among others, taken over by the New Orleans Laundries, Inc., on July 10, 1942, that judgment be rendered divesting the title of any of said defendants to said property and vesting title to same in Crescent. For reasons presently appearing we see no need for discussing the complaint in greater detail. It contains four hundred and thirteen numbered paragraphs and numerous exhibits, all of which show that the rights of the parties are so entangled with one another that it would be practically impossible to mold a decree which would protect those who are absent. In the light of the fore-going circumstances, there appears no good reason to retain the action against the corporate defendants when it must be dismissed as to the forty-five individuals.

Obviously, the plaintiff does not desire the dropping of the forty-five alleged wrongdoers in order that the court may retain jurisdiction of this civil action, for in the memorandum filed in her behalf on November 8, 1949, counsel admit that the corporation and the wrongdoers are both indispensable parties.[10] In view of this admission that the parties improperly joined are indispensable, and there can be no doubt that this is true in respect to those defendants whose legal title is sought to be divested, it follows that the jurisdictional defect cannot be cured.[11]

Ordinarily our inquiry would here end, but we shall nevertheless consider the further contentions of plaintiff. In their final memorandum plaintiff's counsel say: "The special venue under the 1936 amendment could have been utilized, and in our opinion, the venue fixed for a stockholder's derivative action under Section 1401 of the 1948 Judicial Code, may be utilized where the corporation could have sued the tortfeasors in the federal court, as there is, as here, diversity between it and the tort feasors." Then follows this concluding paragraph: "It is, therefore, submitted that Section 1401 of New Title 28 U.S.C. is concerned with jurisdiction of a stockholder's derivative action of the amoun here involved, and fixes the venue of this action in this district, there being diversity between the corporation and the tort feasors." To these questions we now turn.

Under Section 51 of the Judicial Code of 1911, the general venue statute, all class actions were accorded the same venue

---

10. On the last page of the memorandum of November 8, 1949, there appears the following: "To sustain the contention of Movers, the Court would have to read into the statute words that are not there and make exceptions where none are made by the statute.

"It would result in a denial to a stockholder of Crescent of a right to redress wrongs by corporate managers of a corporation in a federal court where she is expressly authorized to bring her action, because there is no other federal or state court where she could compel the corporation and the wrongdoers, both indispensable parties, to litigate the issues."

11. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Kendig v. Dean, 97 U.S. 423, 24 L.Ed. 1061; Roos v. Texas Co., 2 Cir., 23 F.2d 171, certiorari denied 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001.

treatment as other actions and it was only upon the passage of the amendatory act of April 16, 1936, 49 Stat. 1213, that the stockholder's derivative action was accorded special treatment. Prior to the 1936 amendment, and as the previously cited cases show, the court's jurisdiction was sustained when diversity of citizenship existed between the complaining stockholder and the wrongdoers, even though there was a lack of diversity between the injured corporation and the wrongdoers. Likewise and in keeping with the doctrine announced in Doctor v. Harrington, supra, the courts consistently held that they did not have jurisdiction in those instances in which there was a lack of diversity of citizenship between the complaining stockholder and the wrongdoers, despite the fact that there was diversity between the injured corporation and the wrongdoers.[12]

The general venue provisions of Section 51 relating to diversity cases provided that if jurisdiction was founded solely on diversity the action should be brought either in the district where the plaintiff resides or in the district where the defendant resides. It has been held that when there is more than one defendant the latter means the district in which all the defendants reside.[13] The amendment of 1936 added to Section 51, this language: "except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

The amendment of 1936 was designed to meet a specific need.[14] That need was to provide a venue which would enable a stockholder to summon into one and the same court both the injured corporation and the alleged wrongdoer in cases where these two defendants resided in different states. As was pointed out in Greenberg v. Giannini et al.: "Before the amendment * * * the shareholder could sue in any district in which either he or the offending directors resided, and in which he could serve the directors personally; and so he still can do. It might happen, however, that the injured corporation could not be served in that district, and since, as will appear, it is always an indispensable party, the shareholder's hands were often effectively tied; there was no district where he could sue. It was to meet this difficulty that he was given the privilege of suing, not only where either he or the directors 'resided,' but also in any district where the corporation could have sued them. That meant the district where the corporation or the directors 'resided', and—since without the amendment the shareholder could have sued in the district where the directors 'resided'—in practice it added only the district where the corporation 'resided.' But it gave the shareholder the privilege of serving the corporation outside the district in an action brought in the district where the directors 'resided,' and that was a great advantage; it insured him at least one forum where he could always sue, for there was small chance that he could not catch the directors in the district where they 'resided.' "

In Koster v. (American) Lumbermens Mutual Co., supra, Mr. Justice Jackson, in footnote 2, quoted the language of the 1936 amendment following which he said: "This reinforces the view that the cause of action is that of the corporation, if reinforcement is necessary. Moreover, it is obvious that the venue statute is not concerned with facilitating suit in the district of the stockholder's residence, but assures only that suit can be brought in any district in which the corporation could have sued. Green-

---

12. Nagle v. Wyoga Gas & Oil Corporation, D.C., 10 F.Supp. 905; Kelley v. Queeney, D.C., 41 F.Supp. 1015; Smallen v. Louisville Fire & Marine Insurance Co., D.C., 80 F.Supp. 279.

13. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.

14. Greenberg v. Giannini et al., 2 Cir., 140 F.2d 550, 552, 152 A.L.R. 966; King v. Wall & Beaver St. Corp., 79 U.S.App. D.C. 234, 145 F.2d 377, 380; Schoen v. Mountain Producers Corporation et al., 3 Cir., 170 F.2d 707, 711, 712, 5 A.L.R. 2d 1226.

berg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966. When suit is brought in the district of the stockholder's residence, the venue statute does not provide for service on the corporation 'in any district wherein such corporation resides or may be found.' Since the corporation is an indispensable party, City of Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938, it must be only the chance stockholder's suit which can be maintained at the stockholder's residence. Corporations which have stockholders in many of the states may not find it necessary to qualify to do business and consent to be sued in all the states in which they have stockholders." [330 U.S. 518, 67 S. Ct. 831]

■ The amendment of 1936 was not directed to the substantive jurisdiction of the district court. Not only was Section 51 before the amendment concerned with venue alone, but so was the amendment itself. The amendment of 1936 did not undertake to change the jurisdictional prerequisites in actions based on diversity of citizenship.[15] After 1936, just as before, the jurisdiction of a Federal Court could not be invoked anywhere in cases where there was a lack of diversity of citizenship between the complaining stockholder and the wrongdoer. If such diversity existed, then and then only could the stockholder proceed in a Federal Court.

In J. R. A. Corporation v. Boylan et al., D.C., 30 F.Supp. 393, a New York corporation brought a derivative stockholder's suit against the American Tobacco Company, a New Jersey corporation and thirty-two of its directors and former directors. Twenty-four of the thirty-three named defendants were also citizens of the state of New York. The court held that the New Jersey corporation could not be considered the real party plaintiff for purposes of supplying the necessary diversity of citizenship to give the Federal Court jurisdiction of the suit under the circumstances when the complaint charged that the New Jersey corporation refused to enforce its rights. Jurisdiction was declined on the ground that there was a lack of diversity of citizenship between the complaining stockholder, a citizen of New York and twenty-four of the defendants, also citizens of New York. This case was decided on December 15, 1939, and judgment was affirmed March 18, 1940. See 2 Cir., 109 F.2d 1018.

In Tachna v. Insuranshares Corporation of Delaware, D.C., 25 F.Supp. 541, 542, the court held that the amendment of 1936 "deals with venue,—not with jurisdiction,— and does not authorize an original suit in the United States District Court by Massachusetts stockholders of a Delaware corporation against a foreign corporation and corporate directors who are citizens of Massachusetts."

The Judiciary Revision Act of 1948 has redistributed without change the provisions of Section 51 of the old Judicial Code dealing with venue and service of process in the shareholder's action. Thus the provisions of the 1936 amendment insofar as they related to venue are carried forward in substance as Section 1401, which provides: "Any civil action by a stockholder on behalf of this corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants." And the provisions of the 1936 amendment providing for extraterritorial service of process on the corporate defendant appear in substance as Section 1695, which provides: "Process in a stockholder's action in behalf of his corporation may be served upon such corporation in any district where it is organized or licensed to do business or is doing business." The provisions of former Section 51, preceding the amendatory provisions of 1936 have likewise been carried into revised Title 28 U.S.C.A. as § 1391(a) and may now as before be availed of by a plaintiff in a derivative action but in that event extraterritorial service of process on the corporation is unwarranted. This being the situation it follows that the venue for a shareholder's action is to be determined by the principles developed under Section 51, as amended by the Act of 1936 and modified

15. See Footnote 14; Moore's Federal Practice, Second Edition, Vol. 3, pp. 3534–3544.

by Section 52.[16] In addition it should be borne in mind that Section 1391(c) of revised Title 28 substantially broadens the venue as to corporate defendants.[17]

█ The contention that Section 1401 of revised Title 28 U.S.C.A. is concerned with jurisdiction of a stockholder's derivative action and fixes the venue of the present action in the district where there is diversity between the corporation and the alleged wrongdoers is without merit and is unsupported by any authority. Plaintiff has seized upon certain language in Schoen v. Mountain Producers Corporation, supra, in the mistaken belief that this case is authority for the proposition that the test of jurisdiction is the citizenship of the corporation. If this were true, and it is not, the court would have had to do exactly the opposite from what it did, for the court dismissed the case as to the defendants whose citizenship was different from that of the injured corporation, and sustained the jurisdiction as to the defendants whose citizenship was the same as that of the injured corporation. The sole question in the Schoen case was whether the District of Delaware was an appropriate district under the venue statute in which to bring the suit. That question and that question alone was decided. Far from being an authority in support of plaintiff's contention, the case completely substantiates movers' contention that Section 1401 of Title 28 U.S.C.A. upon which plaintiff relies deals with venue—not with jurisdiction.

The legislative history and the Revisers' Notes printed as an appendix to new Title 28 U.S.C.A. clearly show that Section 1401 deals strictly with venue and does not enlarge the subject matter jurisdiction of a district court.

For the reasons stated, this action will be dismissed for want of jurisdiction.

16. If the defendants resided in different districts in the same state suit could be brought in either district under the provisions of Section 52 of the Judicial Code. This provision has been carried into revised Title 28 U.S.C.A. as § 1392 (a).

17. Section 1391(c) of revised Title 28, provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."