**TUCKER et al. v. NEW ORLEANS LAUN-DRIES, Inc. et al.**

No. 13182.

United States Court of Appeals Fifth Circuit.

April 5, 1951.

Rehearing Denied May 10, 1951.

Wm. G. McRae, Atlanta, Ga., R. A. Dowling, New Orleans, La., for appellants.

Sidney A. Wolff, New York City, Max F. Goldstein, Atlanta, Ga., Louis L. Rosen, Leonard B. Levy, and Eldon S. Lazarus, all of New Orleans, La., Paul B. Habans, Warren O. Coleman, Rudolph J. Weinmann, Julian B. Humphrey, in pro. per., Azzo J. Plough, Sidney W. Provensal, Jr., Monte M. Lemann, Nicholas Callan, H. Martin Hunley, Jr., Charles Kohlmeyer, Jr., George B. Matthews, and A. P. Miceli, all of New Orleans, La., for appellees,

Before HUTCHESON, Chief Judge, McCORD, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

The protracted nature of this controversy, with its several appearances here, and particularly the fact that, under varying auspices, it continues to drag its slow and cumbersome length along in complete disregard of the judgment of this court in Kohler v. McClellan et al,[1] makes it appropriate that, though this appeal is from a judgment dismissing not on the merits but for want of jurisdiction, we set out something of its history.

When Kohler's appeal from the dismissal on motion of his derivative action, on behalf of Crescent City Laundries, Inc., as to all the causes of action asserted on its behalf for a series of acts done and suffered beginning in 1925, was before us, we held that all but one of them[2] had passed by the sheriff's sale out of Crescent into New Orleans Laundries, Inc. We, therefore, ordered the judgment affirmed as to all defendants except McClellan and "affirmed as to McClellan * * * on all causes of action except the cause of action growing out of the alleged plan to wreck Crescent, and the consequent sheriff's sale of assets under said plan", and reversed as to this one.

The district court thereupon ordering a re-pleader, Kohler, naming as defendants only the personal representatives of McClellan, who had died, and realleging a protracted plan to improperly appropriate a large part of the assets of the corporation and cause a sheriff's sale of the remainder to the injury of the stockholders, prayed for judgment in favor of the complainant and "any others who may join in this action and contribute to the expense of it".

Allowing the greatest latitude of proof and permitting plaintiff in effect to offer evidence as to all or most of the causes of action originally asserted, the district judge patiently heard the plaintiff out, and, at the conclusion of the evidence, held that the suit as repleaded had been converted into a suit for a direct personal tort to plaintiff and other minority stockholders and was not a stockholders derivative action. Assuming that it was a derivative action and holding that the evidence did not sustain the recovery, he dismissed the suit on both grounds. On appeal[3] his judgment was affirmed on the first ground that the suit had been converted into a personal action and that the evidence did not support it as such, and opinion was expressly reserved as to the second ground.

On August 8th, thereafter, appellant, Mrs. Tucker, suing as a stockholder on behalf of herself and others similarly situated, and in the name of Crescent City Laundries, Inc., filed, simultaneously in the District Courts of the United States for the Northern District of Georgia and for the Eastern District of Louisiana, stockholders derivative actions. The complaints, in one case in 412, and in the other 413, numbered paragraphs, comprising, with their exhibits, 302 printed pages in one case and 292 in the other, in addition to asserting for Crescent the one cause of action this court's judgment had preserved, asserted many of those this court's judgment had held cut off.

---

1. Kohler v. McClellan, 5 Cir., 156 F.2d 908.

2. "The execution of a plan by B. C. McClellan and associates to default Crescent's bonds and to purchase, at great loss to Crescent and profit to themselves, the assets of Crescent at the consequential sheriff's sale."

3. Kohler v. Humphrey, 5 Cir., 174 F.2d 946, opinion June 10, 1949, rehearing denied July 21, 1949.

All of the defendants in the New Orleans suit moved to dismiss for lack of jurisdiction, for want of the requisite diversity of citizenship. Some of them, in addition to other defenses, pleaded that the complaint failed to state a cause of action, and that the suit was barred by the statutes of limitation and by the judgment in the State Court in Finke, Trustee v. Crescent City Laundries, Inc., and that in the District Court of the United States for the Eastern District of Louisiana, which was affirmed in 156 F.2d 908.

The motion to dismiss for want of the requisite diversity coming on to be heard, all of the matters raised by the motion were argued at great length, and in due course the district judge filed an elaborate opinion[4] in which, canvassing all of the points made for and against the jurisdiction, he concluded that the requisite diversity was lacking and ordered the cause dismissed.

Appellant Mrs. Tucker is here urging upon us, in a detailed brief and by an equally detailed oral argument, a re-consideration of the points decided below and a reversal of the judgment appealed from.

Appellees, in an equally detailed way, have represented their arguments in support of the decision.

Careful scrutiny and study of the points involved and arguments made, the authorities cited on each side, and the opinion of the district judge, have convinced us that it would be a work of supererogation for us to re-define and re-decide the issues so adequately defined and decided below. Except, therefore, to add to the cases cited by the district judge, in support of his view that Section 1401 of Title 28 U.S.C.A. "deals strictly with venue and does not enlarge the subject matter jurisdiction of a district court", in the case of Lavin v. Lavin, 2 Cir., 182 F.2d 870, decided since his opinion was written, we will content ourselves with saying that, for the reasons given, and upon the authorities cited, by the district judge, his judgment of dismissal is

Affirmed.

4. Tucker v. New Orleans Laundries, D.C., 90 F.Supp. 290.