**SURKIN et al. v. CHARTERIS.**

No. 13629.

United States Court of Appeals, Fifth Circuit.

May 23, 1952.

Henry W. Krystow, Miami, Fla., for appellants.

T. J. Blackwell, Samuel J. Powers, Jr., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment for the defendant, Leslie Charteris, on a complaint brought by an eleven year old boy, Marvin Surkin, and his mother, Betty Surkin, to recover damages for injuries sustained as a result of an accident involving a bicycle, on which Marvin was riding the handlebars, and a station wagon being driven by the defendant, Charteris.

The complaint alleged in general terms that the defendant negligently and carelessly operated his motor vehicle in such manner that it collided with the bicycle near the intersection of 10th Street and Washington avenue in the City of Miami, Florida; that as a result the bicycle was overturned and Marvin was thrown to the pavement with great violence; and that the injuries thereby sustained were the direct and proximate result of the defendant's negligence.

The defendant moved for a summary judgment, supported by affidavits. In substance, these affidavits show that at its intersection with 10th Street, Washington avenue affords three lanes for northbound traffic and immediately prior to the accident Charteris was driving his Ford station wagon in the middle lane at a speed of about 25 miles per hour. As his vehicle entered the intersection on a green light, he saw a bicycle with two boys on it proceeding south southeast against traffic on the northbound street, and so proceeding they were approaching his vehicle slightly diagonally from the left front. Charteris noticed that the bicycle was wobbling and realizing that it was out of control, he started applying his brakes but the bicycle fell or struck the side of the vehicle and the plaintiff, Marvin Surkin, who was riding on the handlebars, was thrown against the side of the station wagon and injured. Charteris stopped quickly, looked back, and saw both boys lying on the pavement just off the left rear corner of his vehicle. He then pulled over to the curb on the right and went back to see what damage had been done.

The plaintiffs did not file opposing affidavits and the cause came on to be

heard on the defendant's motion for summary judgment. Thereafter the court entered its order granting the motion, and this appeal followed.

The general principles governing the motion for summary judgment are well established. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. authorizes its use only where the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Its purpose is not to cut litigants off from their right to trial by jury. On the contrary, it is to carefully test this, to separate the mere formal from the substantial, to determine what if any issues of fact are present for a jury to try, and to enable the court to expeditiously dispose of cases by giving judgment on the law where the material facts are not in dispute. Sartor v. Arkansas Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 1593; American Insurance Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Whitaker v. Coleman, 5 Cir., 115 F.2d 305. The sufficiency of the complaint does not control and, although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact,[1] the opposing party must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried. Wilkinson v. Powell, 5 Cir., 149 F.2d 335; Christiansen v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534. It is true, as contended by the appellant, that the moving party's affidavits may disclose such issues but, in the instant case, we think the defendant's affidavits affirmatively disclose there is clearly no issue as to any material fact and that the defendant was not negligent in any particular and is entitled to judgment as a matter of law.

Nor do we agree with the appellant's contention that the trial court abused its discretion in denying their motion for leave to serve opposing affidavits two days after oral argument on the motion was heard. Rule 56 provides that the motion shall be served at least 10 days before the time fixed for the hearing and that the opposing party, prior to the day of hearing, may serve opposing affidavits. Here, the motion for summary judgment was filed on December 20, 1950, and on December 22nd the plaintiffs were notified that a hearing on the motion would be had on January 16, 1951. Thus it is obvious that the plaintiffs had far more than the requisite notice. Rule 56 also provides that should it appear from the affidavits of the party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition thereto the trial judge may afford him relief. In the instant case, the appellants purposely refrained from offering opposing affidavits and no excuse whatsoever was offered for not filing such affidavits prior to the hearing as required by Rule 56. Under the circumstances of this case, we agree with the appellee that the trial judge did not abuse his discretion. Cf. Columbia Fire Ins. Co. v. Boykin & Tayloe, Inc., 4 Cir., 185 F.2d 771.

The judgment was right and it is

Affirmed.

---

1. Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F.2d 275.