**Jack S. RUSSELL et al., Appellants,**

**v.**

**BASILA MFG. CO., Inc., et al., Appellees.**

**No. 16267.**

United States Court of Appeals
Fifth Circuit.

June 20, 1957.

Robert E. Hodnette, Jr., Stova F. McFadden, Mobile, Ala., Tonsmeire & Hodnette, Mobile, Ala., of counsel, for appellant.

C. A. L. Johnstone, Jr., Mobile, Ala., McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, Ala., of counsel, for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

As filed, four plaintiffs, resident citizens of Alabama, sued a Delaware corporation and three officers and directors, each citizens of Alabama, on a common cause of action. The District Court was therefore without jurisdiction. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Tucker v. New Orleans Laundries, D.C.La., 90 F.Supp. 290, 292, affirmed with approval 5 Cir., 188 F.2d 263, 265, certiorari denied 342 U.S. 828, 72 S.Ct. 52, 96 L.Ed. 627; Dollar Steamship Lines v. Merz, 9 Cir., 68 F.2d 594, 595. The defect was basic and actual, not formal, so amendment of pleadings, 28 U.S.C.A. § 1653, Kaufman v. Western Union Telegraph Co., 5 Cir., 224 F.2d 723, 725, certiorari denied 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825, is unavailing. The Court, however, twice on motion to dismiss for failure of the Complaint to state a claim for which relief could be granted as to the resident officers and directors, and once on summary judgment in favor of the corporate defendant, undertook to and did decide, i. e., adjudicate, the merits of each. Clearly this was the act of a Court having no jurisdiction. And since the presence of Alabama defendants was eliminated only by virtue of the adjudication by the Court presuming to have jurisdiction, i. e., power to act, not then existing, that dismissal was ineffective to remove the obstacle. Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657, does not hold to the contrary. We are thus without jurisdiction and the cause is reversed and remanded to the District Court for dismissal for want of jurisdiction. For possible action in the District Court on remand, see Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690, 692; Levering & Garrigues Co. v. Morris, 2 Cir., 61 F.2d 115, 117, 121, affirmed on other grounds 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657, certiorari denied 274 U.S. 749, 47 S.Ct. 764, 71 L.Ed. 1331; Dollar Steamship Lines v. Merz, supra. Since, on the briefs on the merits, the principal inquiry testing summary judgment has been necessity for or sufficiency of the controversion of movant's papers, Bruce Construction Corp. v. United States for Use of Westinghouse Electric Supply Company, 5 Cir., 242 F.2d 873; Wilkinson v. Powell, 5 Cir., 149 F.2d 335; Surkin v. Charteris, 5 Cir., 197 F.2d 77, 79, and this situation may be changed altogether by further or different pleadings, new motions, replies, and supporting and contro-

verting affidavits, we can not, as requested, treat it as though the case had been sent back, the jurisdiction somehow perfected, and a new appeal, without a re-trial, perfected from a judgment sustaining summary judgment.

Reversed and remanded.

RIVES, Circuit Judge (dissenting).

The three officers and directors, citizens of Alabama, were admittedly unnecessary and dispensable parties. "On the question of jurisdiction, an unnecessary and dispensable party will not be considered." Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 190, 44 S.Ct. 266, 267, 68 L.Ed. 628. There was no jurisdiction over the three officers and directors who were citizens of Alabama, but jurisdiction over the Delaware corporation existed from the beginning. It makes no difference whether the Alabamians were formally stricken as parties defendant by act of the plaintiffs or by ruling of the court. In Western Union Telegraph Co. v. Nester, 9 Cir., 106 F.2d 587, 588, 591, the action was dismissed as to T. J. Inie, the appellant's agent whose citizenship did not appear in the record, contemporaneously with and as a part of the judgment against appellant. See Nester v. Western Union Telegraph Co., D.C.S.D.Cal., 25 F.Supp. 478, 482. Yet the court had jurisdiction to render the judgment, which was not questioned by the Supreme Court. Western Union Telegraph Co. v. Nester, 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960. True, Inie was dismissed for lack of jurisdiction, while here the three Alabama citizens were dismissed for failure of the complaint to state a claim against them for which relief could be granted. The court had no jurisdiction thus to pass on the merits, but it did have jurisdiction to dismiss the three Alabama citizens, and the fact that it assigned a wrong reason for so doing seems to me immaterial. A careful reading of Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657, will show that the unnecessary and dispensable parties were dismissed by the trial court, just as in the present case, and that jurisdiction was unimpaired. See 84 U.S. 574, 575, 579. Mr. Justice Field stated:

"And the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them."

Likewise in Vattier v. Hinde, 7 Pet. 252, 263, 32 U.S. 252, 262, 8 L.Ed. 675, Chief Justice Marshall said:

"If, then, when this cause came on for hearing, Abraham Garrison had still been a defendant, a decree might then have been pronounced for or against the other defendants, and the bill have been dismissed as to him, if such decree could have been pronounced as to them, without affecting his interests. We perceive no principle of reason or law which opposes this course. The incapacity of the court to exercise jurisdiction over Garrison, could not affect their jurisdiction over other defendants whose interests were not connected with his, and from whom he was separated, by dismissing the bill as to him."

See, also, Horsford v. Gudger, C.C.W.D. N.C., 35 F. 388, 392.

The situation seems to me simply that a complaint filed in the federal district court named one defendant over whom the court had jurisdiction and three defendants with separable interests over whom the court had no jurisdiction. The improper joinder of those three defendants did not deprive the court of jurisdiction over the one. The three defendants improperly joined were properly stricken, and it is immaterial that they were dismissed professedly on the merits rather than for lack of jurisdiction.

The important thing is that they were never properly in the case and that the court granted no relief against them.

I therefore respectfully dissent.