**Mrs. Lula White POTTER**

v.

**UNITED STATES of America.**

**Civ. A. No. 5685.**

United States District Court
N. D. Georgia
Atlanta Division.
July 26, 1957.

---

Calhoun & Calhoun, Atlanta, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The plaintiff filed suit to recover from the defendant income taxes paid by reason of a deficiency assessment which was predicated upon the assumption that the plaintiff was a dealer in real estate and the transactions involved did not constitute capital gain. The plaintiff has by the means of depositions, interrogatories, and affidavits in support of her motion, narrowed down the facts to an irreducible minimum in the court's opinion and it further appears to the court that the defendant has offered no evidence of any nature to refute or contradict the evidence produced by the plaintiff by the employment of the said means.

It further appears to the court that the parties have entered into a complete and lengthy stipulation of facts setting out:

(a) The taxpayer inherited the property.

(b) Taxpayer engaged the services of a broker to subdivide and sell her property.

(c) That approximately one-half of the taxpayer's property was sold by this broker so employed.

(d) There were several isolated sales by the taxpayer approximately eight years after the last sale by the broker.

(e) The taxpayer disposed of the balance of her property in one lump sale for approximately $13,000.00 nine years after the attempted sale of the property by the broker.

(f) The taxpayer was not engaged in the business of selling real estate nor a trader, unless the transactions involved in this matter are so construed.

It further appears to the court that the parties have stipulated and filed as exhibit of record the original contract between the taxpayer and her broker.

The government has failed to refute facts which appear to be to the court clearly in point so as to exclude the taxpayer from being a trader in real estate and by virtue of the controlling authorities the Court is of the opinion that the renewed motion for summary judgment should be granted in that there is no longer a general issue of fact to be tried by the court and jury. In this respect see Surkin v. Charteris, 5 Cir., 197 F.2d 77, also Marion County Cooperative Ass'n v. Carnation Company, 8 Cir., 214 F.2d 557.

It is clear to the court that the facts contained in the record bring this case within the principles set out in the cases of: Fahs v. Crawford, 5 Cir., 161 F.2d 315; Hanson v. United States, 8 Cir., 186 F.2d 61; Smith v. Dunn, 5 Cir., 224 F.2d 353; Goldberg v. Commissioner of Internal Revenue, 5 Cir., 223 F.2d 709; Ross v. Commissioner of Internal Revenue, 5 Cir., 227 F.2d 265; Smith v. Commissioner of Internal Revenue, 5 Cir.,

232 F.2d 142; and that for this said reason the renewed motion for summary judgment should be granted in favor of the plaintiff.

Order

It Is, Therefore, Ordered, Adjudged and Decreed that the renewed motion of the plaintiff, Mrs. Lula White Potter, have a summary judgment in her favor, be and the same is hereby granted. Such judgment may be prepared and presented, This 26th day of July, 1957.