# Hobbie & Teague v. Bank of Montgomery.

*Action of Assumpsit.*

1. *Joinder of issue on insufficient plea.*—Where issue is joined upon an insufficient plea, and the evidence sustains it, the defendant is entitled to the benefit of the plea.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The appellants, Hobbie & Teague, brought the present action against the appellee, the Bank of Montgomery, to recover amount due for goods sold by plaintiffs to J. M. Falkner, as trustee for appellee and others, and at their instance. The defendant pleaded the general issue, and a special plea of *ultra vires*, averring therein that the said goods were sold to the said trustee with the knowledge of plaintiffs for the purpose of being used in carrying on a saw mill business; that "the defendant was at the time said goods were sold, and has ever since been, and is now a corporation organized under the general incorporation laws of the State of Alabama, found in Part II, Title I, Chapter I of the Code of 1886: that the carrying on of said saw mill business was beyond the powers of the said defendant, and that the said defendant was not authorized by its charter, and had no power, to engage in the said business of the operation of a saw mill, and that said contract is void." Issue was joined on these two pleas; and the cause was tried on an agreed statement of facts, the substance of which is sufficiently stated in the opinion for the purpose of understanding the decision of the court on the present appeal. The court gave the general affirmative charge in favor of the defendant to the jury; and to the giving of this charge the plaintiffs duly excepted. There

was judgment for defendant; and the plaintiffs appeal, and assign as error the giving of the general affirmative charge in favor of the defendant and the judgment rendered.

An opinion was first announced reversing the judgment and ordering the cause remanded to the circuit court. The present opinion was written in response to an application for a rehearing filed after the announcement of the former opinion.

LESTER C. SMITH for the appellants.

TOMPKINS & TROY and H. STRINGFELLOW, for the appellee.—If a party takes issue on insufficient pleading, and the facts set up therein are proved, there is nothing to be done but for the court to charge the jury to find the issues in favor of the party proving them. The authorities laying down this rule, are too numerous to cite; we will only refer to a few of the more recent.— *Lewis v. Simon*, 101 Ala. 553; *M. & C. R. R. Co. v. Graham*, 94 Ala. 552; *Hughes v. Southern Etc. Co.* 94 Ala. 614.

The only issue presented by the record is the truthfulness of the facts averred in the special plea in bar; plaintiffs, have, by taking issue on that plea, admitted that if the facts are proved, they are a bar to their action.

COLEMAN, J.—L. F. Robbins, being indebted to the Bank of Montgomery and other creditors, in various amounts, conveyed in absolute payment of his indebtedness, certain lands, timber rights and saw mills to M. P. LeGrand, Jr., trustee. The trustee had no duties to perform under the conveyance other than to sell, transfer or convey the property, upon the written request of the several creditors.

Under the directions of the owners of this property, including the defendant, M. P. LeGrand, trustee, conveyed the property to J. M. Falkner, trustee, who by the terms of the conveyance was authorized and directed to run the saw mills, for the benefit of the owners, and for this purpose and in connection therewith, was authorized to purchase supplies and merchandise, and carry on a general mercantile business. The plaintiffs sold to Falkner, as trustee, a bill of groceries and mercandise

[Waller, Admr., *et al.* v. Jones  *et al.*]

which were used as provided by the conveyance, and authority vested in him. The account not being paid, the plaintiffs sued the Bank of Montgomery.

The complaint contains several counts, some counting on express contract for the purchase of the articles of merchandise, and others upon a *quantum meruit* demand. The defendant filed pleas of the general issue, and also of *ultra vires*, to the several counts. The plea of *ultra vires*, among other facts, averred that "defendant was at the time of the said alleged sale, has ever since been and now is a banking corporation organized under the general incorporation laws of the State of Alabama, found in Part II, Title I, Chapter I of the Code of Alabama." The question elaborately argued by counsel and considered by the court at the original hearing, and which led to the reversal of the cause, was whether the defense set up by the plea of *ultra vires* presented a defense to the counts upon a *quantum meruit* demand. Upon the application for a rehearing our attention is called to the fact that issue was joined upon a plea of *ultra vires,* which condition of the pleadings was overlooked by us in the former opinion. What was said in that opinion upon the doctrine of *ultra vires* was not required to a decision of the case, and the former opinion is withdrawn. We find evidence in the record sustaining the plea of *ultra vires* upon which issue was joined. The rule prevails, that if issue is joined upon an insufficient plea, and the evidence sustains it, the defendant is entitled to the benefit of the plea. It follows, there was no error in the record available to appellant. A rehearing is granted, the judgment of reversal set aside, and the judgment of the circuit court is affirmed.