# Sharpe & Son v. Barney.

### Action of Trover.

1. *Effect of joining issue upon bad plea; defendant entitled to verdict if sustained by the facts.*—When the plaintiff joins issue upon a bad plea, without challenging its sufficiency by demurrer, the defendant is entitled to a verdict if the jury find that the evidence introduced supports the averments of such plea.

2. *Trover; measure of recovery; plea to the jurisdiction of the court.* In an action of trover, the measure of recovery is the value of the property at the time of its conversion,. or at any time subsequent thereto with interest; and in such action, a plea averring that the value of the property alleged to have been converted was, at the time of the institution of the suit, less than the minimum amount of which the court had jurisdiction, is insufficient to challenge the jurisdiction of the court.

3. *Jurisdiction of the court; amount involved.*—Where the jurisdiction of the court depends upon the amount involved in the case, it is not determined by the verdict of the jury, but by the amount claimed in the complaint, if the claim is a *bona fide* one; and the mere fact that the jury, upon conflicting evidence as to the amount of the claim, finds a verdict for a less sum than the minimum amount of which the court has jurisdiction, is not an ouster of jurisdiction, but plaintiff in such case, if he presented a *bona fide* claim within the jurisdiction of the court, is entitled to judgment for such amount.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JOHN C. ANDERSON.

The facts in the case are sufficiently stated in the opinion.

TAYLOR & ELMORE, for appellant.—1. The charge asked by the defendant should have been given, even though the plea presented an immaterial issue.—*Allison v. Little*, 93 Ala. 150.

2. The jurisdiction of the circuit court in actions for recovery of specific property is limited to property of the value of fifty dollars or more. The value of the property is the true criterion. The doctrine of *remittitur* and waiver does not and can not apply. This latter only

applies to moneyed demands.—*Carter v. Alford*, 64 Ala. 236 ; *Rodgers v. Gaines*, 73 Ala. 218.

CLARKE & WILLIAMS, *contra*.—1. This being an action in trover is not governed by the Code of 1886, § 2739, which applies to moneyed demands.—*Haws v. Morgan*, 59 Ala. 508.

2. If a plea in abatement is filed, and afterwards, before it is disposed of, the defendant pleads in bar to the action, and the parties thereupon proceed to prepare the cause for trial on the merits, the plea in abatement will be held to be waived.—*Brown v. Powell*, 45 Ala. 149.

McCLELLAN, J.—This action was begun in the circuit court, and is prosecuted by Barney against Sharpe & Son, claiming one hundred dollars for the conversion of a mule. Defendants pleaded (1) the general issue, and (2) that the mule sued for was of the value of less than fifty dollars at the time the suit was brought, and is still of the value of less than fifty dollars. The second plea was verified. Plaintiff, without challenging its sufficiency by demurrer, took issue upon it. Defendant's evidence tended to support its averments, and they asked the court to charge the jury that "if they believe from the evidence that the mule sued for is now of less value than fifty dollars, and was at the time suit was brought of less value than fifty dollars, they should find a verdict for the defendants." The court erred in refusing to give this charge. Conceding that the plea was bad, plaintiff having joined issue upon it, defendants were entitled to a verdict if the jury found that the evidence supported its averments.—*McKinnon v. Lessley*, 89 Ala. 625 ; *Allison v. Little*, 93 Ala. 150 ; *Comer & Co. v. Way & Edmundson*, 107 Ala. 300 ; *Hobbie & Teague v. Bank of Montgomery*, 107 Ala. 329.

The plea was bad. In the first place, assuming that the jurisdiction of the circuit court could be challenged in this way at all, that is, by a plea that the amount involved is less than the minimum jurisdiction, this plea was insufficient in that it did not aver that the value of the property at the time of the conversion was less than fifty dollars, and had been thence to the time of trial ; the measure of recovery in such cases being the value at

[Harris et al. v. Ivey.]

conversion or at any time subsequent thereto, with interest.—*Curry v. Wilson*, 48 Ala. 638.

But, beyond this, jurisdiction as to amount is not determined by the verdict. If the plaintiff presents a *bona fide* claim within the jurisdiction of the court in which he sues, he is entitled to a trial in that tribunal, and the mere fact that the jury, upon conflicting evidence as to the amount of the claim, finds a less sum than the minimum jurisdiction is not an ouster of jurisdiction ; but the plaintiff in such case is entitled to verdict and judgment for such amount.—*Haws v. Morgan*, 59 Ala. 508.

Reversed and remanded.