**WHITAKER v. COLEMAN.**

**SAME v. ÆTNA CASUALTY & SURETY CO.**

Nos. 9443, 9444.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1940.

William C. Sugg, of Nashville, Tenn., for appellant.

306

C. L. Watts and Addison White, both of Huntsville, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

### HUTCHESON, Circuit Judge.

The first of the above numbered causes was a suit brought against the owner and the driver of an automobile for death damages. The second was a suit for declaratory judgment, that it was not liable as insurer, brought by the insurer on a policy covering the owner as named insured and "any person while using the automobile * * * with the permission of the named insured." Appellant was plaintiff in the first, defendant in the second, of the above numbered causes, and in both cases he seasonably made his demand for a jury. The insurance company as the plaintiff in the declaratory judgment suit and as manager of the defense in the damage suit, invoked the summary procedure of Rule 56, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and after a hearing in which plaintiff proffered statements [1] of the driver, on the tendered issue that he was an "insured", obtained a summary judgment first in the declaratory judgment suit in favor of itself and next in the damage suit in favor of the defendant owner.

Appealing in each case from the summary judgment against him, appellant is here insisting as to each that there was a genuine issue as to a material fact whether the driver was an "insured" within the policy terms, [2] and that he has been deprived of his right of trial by jury. We think it clear that appellant has been so deprived and that the judgments must be reversed because he has. The invoked procedure, valuable as it is for striking through sham claims and defences which stand in the way of a direct approach to the truth of a case, was not intended to, it cannot deprive a litigant of, or at all encroach upon, his right to a jury trial.

Judges in giving its flexible provisions effect must do so with this essential limitation constantly in mind. To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force. Testing appellant's offer of proof by this rule, it plainly appears that an issue on which he is entitled to a jury trial has been summarily determined against him.

In American Casualty Company v. Windham, 5 Cir., 107 F.2d 88, 90 (following the rule carefully set out in Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281,

---

[1] In No. 9444, appellant as defendant, in addition to other evidence offered the transcript of the testimony of the driver given in the state court on his trial for manslaughter. In this transcript among other things, he testified:

"I had the privilege of using the car any time I wanted to. I didn't say that I had her consent. I kept the keys at all times, and I used the car when I wanted to.

"Q. With her consent? A. I hadn't asked her.

"Q. Did she object to it? A. No, sir, she knew of my using it.

"Q. She knew that you were using the car? A. Yes, sir.

"Q. She knew that you carried the keys? A. Yes, sir.

"Q. She never objected to your making use of it? A. She told me I could use it to go home and to dances and to ride my friends sometimes."

The District Judge excluded this evidence and refused to consider it in making up his judgment, whereupon appellant defendant moved for a continuance in order to secure Jones' affidavit. The motion was denied and the cause proceeded to judgment. On a motion for new trial defendant offered the affidavit of Jones in which in addition to what he had testified to, he said: "I had the privilege of using the car at any time I wanted to and she knew I used it and she never at any time made any objections to my using it. I have used her car many times to go to dances and sometimes I told her before I went that I was going to use the car. On other occasions I told her about using her car for personal pleasure and she never objected or protested in any way."

In No. 9443, plaintiff offered this affidavit.

[2] "The unqualified word 'Insured' wherever used includes not only the named Insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further that the actual use is with the permission of the named Insured."

and Standard Accident Insurance Co. v. Rivet, 5 Cir., 89 F.2d 74, in both of which coverage was denied because the use was in violation of express prohibition), we have recently said: "Permission to use a car may be implied in the absence of express prohibition."[3] The evidence in this case, if Jones' statements are believed, is stronger for coverage than the evidence in Windham's case was. Appellant had demanded a jury and it was not for the judge in summary proceedings to determine Jones' credibility. But, says appellee, in the first case Jones' affidavit was not offered but only a transcript of his testimony on his former trial and because of defects in its certification and presentation, the judge was justified in refusing to receive this transcript as proffered evidence, while on the second trial, though Jones' affidavit was offered the judgment was res judicata in the first case and this, pleaded as such, entitled it to summary judgment in the second case. We think that this will not at all do. Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists. Rule 56 is carefully drawn to effectuate this purpose. Subdivisions (a) and (b) provide for the institution of the procedure. Subdivisions (c) and (d) provide, the one for complete, the other for partial determination of the existence of genuine issues as to material facts. Subdivision (e) provides for affidavit and other forms of proof while Subdivision (f), making it further clear that the judgment is to be rendered only where it clearly appears that there is no issue, provides for the granting of a continuance to obtain proofs which appear to be existent but not then available. It is quite clear that technical rulings have no place in this procedure and particularly that exclusionary rules will not be applied to strike, on grounds of formal defects in the proffer, evidence proffered on tendered issues. While therefore, it does not appear from the record that the transcript of Jones' testimony was in any manner defective or why its offer was refused, this is, we think immaterial. For the offer of the transcript certainly apprised the judge that there was relevant and important evidence which defendant appellant could and would tender on the trial and notwithstanding this, he was refused a continuance to get the evidence and the matter was pressed at once and erroneously, to summary judgment.

■ Nor does appellee stand any better on its position that though the judgment in the declaratory suit must be reversed, the judgment in the damage suit must be affirmed because when it was entered, the judgment in the declaratory suit stood unappealed and unreversed and, pleaded as res judicata, it entitled appellee to a judgment in the second suit. For while there is some difference of opinion under the authorities as to whether a judgment which is in process of being appealed, may be pleaded as res judicata, 34 C.J. 898, Section 1307, and notes, it is settled law that when it is brought to the attention of the appellate court on the appeal of the second judgment that the first judgment has been reversed, that court will reverse the second judgment. Ransom v. City of Pierre, 8 Cir., 101 F. 665, especially will this be done where the court to which the second judgment is appealed, is the court that reversed the first judgment. Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713, and more especially will it be done where as here, the two suits were tried, the two judgments entered in the same court in causes, proceeding pari passu, and the appeals were heard and submitted in the same appellate court at the same time. The judgments on both appeals are reversed and the causes are remanded for further and not inconsistent proceedings.

Reversed and remanded.

[3] There we held that the court was justified in finding, from the fact that the driver when not on the road was permitted to retain possession of the car, kept it at his house and used it for the convenience of himself and family in and around Macon; that he had implied permission to use it for a trip beyond the county.