E. M. PIPER, Appellant,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellant,

v.

E. M. PIPER, Appellee.

Nos. 24469, 24610.

United States Court of Appeals
Fifth Circuit.

April 10, 1968.

See also D.C., 227 F.Supp. 735.

Harold A. Chamberlain, Chamberlain & Hrdlicka, Houston, Tex., Herbert S. Kendrick, Dallas, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., Fort Worth, Tex., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Richard C. Pugh, Meyer Rothwacks, David O. Walter, Burton Berkley, John P. Burke, Attys., Dept. of Justice, Washington, D. C., for appellee.

Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., Richard C. Pugh, Act. Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Burton Berkley, John P. Burke, Attys., Dept. of Justice, Washington, D. C., for appellant; Melvin M. Diggs, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., of counsel.

Harold A. Chamberlain, Houston, Tex., for appellee.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

GEWIN, Circuit Judge.

An action was brought under 28 U.S.C. §§ 1340 and 1345 [1] by the United States against E. M. Piper, taxpayer, in the United States District Court for the Northern District of Texas to reduce tax liens to judgment and for collection of federal taxes, manufacturer's excise taxes, due for the third and fourth quarters of 1958 and for all quarters of 1959. Before trial the Government's motion for partial summary judgment with respect to the tax due for the fourth quarter of 1959 was granted. After a trial on taxpayer's liability for taxes due in the other periods covered by the complaint, final judgment, which incorporated by reference the partial summary judgment, was rendered for the Government as to all of the excise taxes which had been assessed, but taxpayer was awarded a partial offset based on equitable recoupment. Both parties appeal and by stipulation of counsel the appeals have been consolidated. We affirm.

In 1964 taxpayer was convicted of wilfully and knowingly failing to file a manufacturer's excise tax return for the fourth quarter of 1959 and for wilfully failing to pay the manufacturer's excise tax as an importer of automobiles for this quarter in violation of 26 U.S.C. § 7203.[2] In the instant case the Government sought to reduce to judgment the amount of the assessment of tax liability in the criminal proceeding as well as the assessments for the last two quarters of 1958 and the first three quarters of 1959.

The Government moved for partial summary judgment with respect to the tax due for the fourth quarter of 1959 on the ground that taxpayer was collaterally estopped by his criminal conviction from contesting the amount due for this period. Such motion was supported by an affidavit of the District Director of Internal Revenue which set forth, inter alia, the type of tax assessed, the taxable periods involved, and the amounts of tax, penalties and interest due, and by the judgment of conviction in the criminal case.

In response to this motion taxpayer filed an unverified pleading signed by counsel for appellant denying that he had been the importer of the automobiles involved in the assessment. In addition, he asserted that since the jury was not required to ascertain the precise amount of the excise taxes required to be reported in order to convict him of violating § 7203, there was no basis for his being collaterally estopped from litigating the amount due in the civil action. The trial court entered partial summary judgment finding that taxpayer was collaterally estopped to challenge the amount due for the fourth quarter of 1959.

At the trial which followed, taxpayer's defense to the assessments for the third and fourth quarters of 1958 and for the first, second and third quarters of 1959 was that he was not the importer of the automobiles and thus was not liable for the excise tax. Taxpayer also urged that he should be entitled to equitable recoupment to the extent that he could have deducted from his income taxes for those years the excise taxes whch he might be found to owe.

The jury found that taxpayer was the importer of the automobiles involved and

---

1. These statutes confer jurisdiction on the District Courts.

2. This section provides as follows:

"SEC. 7203. WILLFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION, OR PAY TAX.

Any person required under this title to to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who wilfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

final judgment, incorporating by reference the partial summary judgment, was rendered for the Government as to all of the excise taxes which had been assessed but taxpayer was granted a setoff based on equitable recoupment.

Taxpayer appeals from that portion of the final judgment which incorporated the partial summary judgment in the Government's favor. The Government appeals from that portion of the judgment granting taxpayer's claim for equitable recoupment. However, the Government has abandoned its attack on the trial court's grant of a setoff based on equitable recoupment. The Government now only seeks, in case we reverse and remand the partial summary judgment, to have the amount of the setoff reversed and remanded for such redetermination as might be necessary. In light of our decision to affirm this case, it is not necessary for us to discuss this issue.

The court below granted the Government's motion for partial summary judgment on the basis that taxpayer was collaterally estopped by his criminal conviction to challenge the amount of tax due for the fourth quarter of 1959. Taxpayer contends that collateral estoppel does not apply because a decision as to the correctness of the Government's assessment was not necessary to convict him of the § 7203 violation. See Moore v. United States, 360 F.2d 353 (4 Cir. 1965). The Government concedes that since the amount of tax due is not an essential element of the § 7203 offense, collateral estoppel is not applicable to this issue. We agree. However, we affirm the judgment of the district court on the

basis that the Government's motion and taxpayer's response showed that there was no triable issue of fact with respect to the fourth quarter of 1959. Rule 56(e) and (f) F.R.Civ.P.[3] Appellant made no effort to present an affidavit explaining his failure to controvert the affidavit filed by the Government.

■■■ The Government supported its motion for partial summary judgment with an affidavit from the District Director which set out with particularity the taxes, penalties and interest due. Such affidavit is detailed and sets out the Government's claim with specificity. In his answer taxpayer did not attempt to contradict the amounts shown in the Director's affidavit, but simply asserted that the matter was not foreclosed from litigation by the earlier criminal conviction. Such response, at most, only demonstrates a hope that evidence contradictory to the Government's claim can be produced. An unverified pleading denying the factual statements contained in an affidavit filed in support of summary judgment is not sufficient to controvert the affidavit. The response is certainly not sufficient to show the existence of a triable issue of fact as to the amount due. Beaufort Concrete Co. v. Atlantic States Constr. Co., 352 F.2d 460 (5 Cir. 1965); Gauck v. Meleski, 346 F.2d 433, 436 (5 Cir. 1965); Wilkinson v. Powell, 149 F.2d 335 (5 Cir. 1945).

■■■ Taxpayer primarily opposed the Government's motion on the ground that he was not an importer of the automobiles on which the excise taxes were alleged to be due. The Government contends that a finding that taxpayer was

---

3. Rule 56(e) contains the following provision which was added by amendment effective July 1, 1963:
   "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Rule 56(f) provides:
   "(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

an importer was necessary to his criminal conviction and is therefore not open to litigation in the present action. Taxpayer was found guilty of wilfully failing to file the tax return and to pay the excise tax on imported automobiles. Under 26 U.S.C. § 4061(a) it is provided that "[t]here is hereby imposed upon the following articles * * * [automobile chassis and bodies] sold by the * * * importer a tax equivalent to the specified percent of the price for which so sold * * *" Thus it was necessary in order to convict taxpayer for failure to pay the tax imposed by the above quoted section, to find that he was in fact an importer. Therefore taxpayer was precluded by collateral estoppel from relitigating that issue in the instant case. Tomlinson v. Lefkowitz, 334 F.2d 262 (5 Cir. 1964), cert. den. 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).

Finding no triable issue of material fact and that the Government was entitled to judgment as a matter of law, we hold that the district court committed no error in granting the Government's motion for a partial summary judgment.

Judgment affirmed.

GODBOLD, Circuit Judge (concurring in part and dissenting in part).

I have to dissent from that part of the opinion that relates to partial summary judgment.

My brother judges create in summary judgment practice the same trap for the unwary pleader that existed at common law for the party who joined issue on an immaterial plea and then lost his case on the false issue thereby created although the issue was erroneously in the case.

Mr. Piper can now understand how it was that Mr. Barney was not able to recover for his mule that was worth less than $50.[1] But how this approach gets incorporated into Rule 56 is somewhat harder to understand. It can safely be said that it is not the sort of thing the rule makers had in mind. "Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial." Hutcheson, J. in Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir. 1940). Judge Goldberg has expressed a parallel philosophy in atomic age language. "Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use." Brunswick Corporation v. Vineburg, 370 F.2d 605 (5th Cir. 1967).

Let us see how Piper lost not a mule worth less than $50 but a judgment for $89,672.59 plus penalties and interest. The government moved for partial summary judgment for excise taxes for the fourth quarter of 1959 on the sole and specific ground that the defendant was estopped from asserting any defense with regard to this quarter by virtue of a prior criminal conviction of failure to file excise tax returns for the quarter.[2] Ex-

---

1. Sharpe et al. v. Barney, 114 Ala. 361, 21 So. 490 (1897), and see cases there cited. Barney sued for conversion of a mule. Defendant pleaded (1) the general issue and (2) that the mule was worth less than $50. The second plea was immaterial to Barney's cause of action and right to recover. But, unwary, he did not test the sufficiency of the plea by demurrer and instead joined issue on it. The trial court declined to charge that if the jury believed the mule was worth less than $50 they should find for defendant. The Alabama Supreme Court reversed, noting that the plea was bad but since Barney had joined issue upon it the defendant was entitled to a verdict if the evidence did show the mule wasn't a $50 mule.

Some common law pleaders engaged intentionally in this tidy little device for entrapping the somnolent adversary. More often the pleader, with the best of intentions, had drafted a plea that he thought material and sufficient at the time, but later found himself the surprised beneficiary of bounty from heaven, the winner by the jury's being required to find in his favor on an immaterial issue accidentally made up between the parties.

2. The motion reads: "Comes now the United States of America, plaintiff herein, by and through its attorney Melvin M. Diggs, United States Attorney for the Northern District of Texas, and moves this Court to enter partial summary judg-

hibit A thereto was the affidavit of a Director of Internal Revenue setting out that an assessment had been made for excise taxes for the fourth quarter of 1959, plus penalties, and giving appropriate dates, amounts and like data.[3] Appellant's counsel filed a written "opposition" to the motion directed principally to the government's collateral estoppel theory and attaching a memorandum brief. The document was not sworn to, which is hardly surprising since the issue was one of law. But, in what now proves to be a catastrophic error, counsel included in the unsworn oposition one paragraph in which he disputed the correctness of the amount of the liability for the quarter in question, saying he did not import all the automobiles on which the calculation was based and owed taxes only on those which he did import.[4]

The court adopted the government's theory and granted partial summary judgment on the ground the criminal conviction conclusively established the debt and that collateral estoppel operated to bar the defendant from asserting *any defense* to the allegations concerning the assessment.[5]

Before this court the government acknowledges that both it and the trial court were in error in application of collateral estoppel insofar as the amount of tax and penalty are concerned. With this belated confession of error my brother judges agree.

Before rendering summary judgment the district court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law, Fed.R.Civ.P. 56(c). The district court determined that as a matter of law the government was entitled to a judgment and that the amount thereof also was established *as a matter of law*. The court did not establish, as a factual matter, issues of material facts. It never reached questions of fact as such, but conclusively ascertained the facts by a

---

ment with respect to the excise tax assessment, penalties and accrued interest due and owing for the fourth quarter of 1959 in accordance with the provisions of Rule 56(a) of the Federal Rules of Civil Procedure on the grounds that the defendant, E. M. Piper, is estopped from asserting any defense with regard to said quarter by virtue of his conviction of violations of Section 7201 of the Internal Revenue Code of 1954, to wit: failure to file excise tax return and failure to pay excise taxes due in the amount of $89,-672.59 for the fourth quarter of 1959. Exhibit A is attached hereto."

3. One day before the motion for summary judgment was ruled on the parties filed a pre-trial stipulation that the assessment (along with other assessments) had been made, and attached thereto voluminous extracts from appellant's books and records. The court did not reach consideration of the documents, since it ruled on the pleadings that as a matter of law appellant's liability for the quarter in question, and the amount thereof, were fixed by the criminal conviction.

4. The full text of this paragraph was: "The Defendant disputes the correctness of the amount of excise tax liability, penalties and interest asserted to be due for the fourth quarter of 1959 (and

all other quarters) on the ground that Defendant was not the importer of a substantial number of the automobiles which were imported and sold and which formed the basis for the excise tax assessment made. The Defendant is liable for excise taxes under Section 4061(a) only with respect to automobiles that he imported into his country for sale."

5. In pertinent part the court's order said: "the Court having examined the pleading and heard the argument of counsel and being of the opinion that *the Judgment of Conviction * * * conclusively establishes* that the defendant, E. M. Piper, is an importer and is indebted to the United States of America in the amount of $89,672.59 plus penalties and interest as provided by law for excise taxes accruing during the 4th quarter of 1959, and the Court being of the further opinion that said criminal conviction collaterally estops the defendant, E. M. Piper, from *asserting any defense with regard to the allegations in this cause concerning the assessment of excise taxes* for the 4th quarter 1959, and the Court being of the further opinion that plaintiff's Motion For Partial Summary Judgment should in all things be granted, it is therefore * * *." (Emphasis added.)

threshold determination of law. Based on its erroneous conclusion of law the trial judge barred the appellant from asserting "any defense with regard to the allegations in this cause concerning the assessment." The appellant is now faulted for not interposing sworn factual defenses when the trial court said no defenses would be countenanced.

The government's error, compounded by the trial court, is rewarded in this court by leaving the appellant flopping where he was shot—on the ground.

I suspect that what is sauce for Piper's goose would not be sauce for the government's gander. If in this same case there had been cross-motions for summary judgment, the appellant's opposition had been sworn, but the notary had failed to sign the affidavit of the Director of Internal Revenue, I doubt this court would have reversed and rendered with direction to enter partial summary judgment for appellant.

"[I]f the appellate court becomes convinced that the appellant, although acting in good faith, has somehow or other failed to raise at the trial level a genuine factual issue that is, nevertheless, present in the case it should make such a disposition of the appeal as will permit him to do so." 6 Moore, Federal Practice ¶ 56.27[1], at 2975 (2d ed. 1966); see also Kennedy v. Silas Mason Co., 334 U.S. 249, 256, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); Houghton Mifflin Co. v. Stackpole Sons, Inc., 113 F.2d 627 (2d Cir. 1940).

"Technical rulings have no place in this [summary judgment] procedure." Judge Hutcheson in Whitaker v. Coleman, supra.

The majority's second point is that the criminal conviction did estop the appellant from showing he was not an importer of automobiles, since that was a fact necessary to his conviction. With that I do not disagree, but it is wholly irrelevant. The appellant did not deny being an importer; he insisted only that he had been assessed for some cars that he had not imported, while acknowledging

that he owed tax on others that he had imported. See footnote 4, supra.

The result of this case is neither laudable for the sovereign, which albeit unintentionally did lead the trial court into error, nor in keeping with either language or purpose of the federal rules.