ON PETITION FOR REHEARING
PER CURIAM:
In his petition for rehearing the defendant points out that he raised, and that we did not rule on, a constitutional attack on a well-established statute. He complains that suspended imposition of sentence, authorized by 18 U.S.C. § 3651 (1970) when an offender is placed on probation, violated his right to speedy trial. The argument is facially plausible. The constitutionally guaranteed right to speedy trial applies to sentencing, U. S. v. Campbell, 531 F.2d 1333 (CA5, 1976); see Pollard v. U. S., 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) (assuming arguendo the applicability of the right to speedy trial to sentencing), and the defendant alleges prejudice due to delay in his sentencing. Nevertheless, a careful examination of defendant’s argument convinces us that his right to speedy trial was not violated.
The circuit has previously determined that when an offender is placed on probation suspended imposition of sentence does not violate the right to speedy trial. Cooper v. U. S., 91 F.2d 195, 199 (CA5, 1937). But a 40-year-old decision can hardly be dispositive given the intervening development of speedy trial jurisprudence, particularly since Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In Barker v. Wingo the Supreme Court endorsed a balancing approach for analyzing alleged deprivations of the right to speedy trial. The court specifically articulated four factors for courts to consider: the length of delay, prejudice to the defendant, the defendant’s assertion of his right, and the reason for the delay. Although Barker v. Wingo has provided the analytical framework for most subsequent speedy-trial decisions, its analysis is directed at different concerns than are present in this case. Trial delay may prejudice the defendant through oppressive pretrial incarceration, impairment of defense and anxiety. Sentencing delay typically risks only the possible prejudice of anxiety, but the delay also disserves a basic notion that, once convicted, an offender should be able to serve his sentence and be done with it. None of these concerns applies when an offender is placed on probation. The offender’s defense is complete (albeit unsuccessful), and probation terminates any incarceration.[1] The offender’s anxiety is attenuated because his successful completion of probation will conclude his liability for the offense. Only violation of the terms of probation revives the need for a criminal sanction. Despite our perception that the Barker v. Wingo analysis addresses concerns that this *271 case does not raise, we will consider its application and perhaps adapt its insights to the situation presented here.
(1) Length of delay. “The length of the delay,” said the Barker v. Wingo Court, “is to some extent a triggering mechanism.” This case involves a three-year delay from when sentencing might have been imposed, but the length of delay itself suggests no prejudice. Indeed, a successful probation would “delay” forever any criminal sanction.
(2) Prejudice. The defendant claims a possible prejudice different than prejudices considered in Barker v. Wingo. He suggests that he was prejudiced by receiving a harsher sentence than he otherwise would have. It is of course impossible to probe the truth of this suggestion. Because the defendant was sentenced to 30 days on one count he believes the court would have also imposed a 30-day sentence on the second count. This simplistic argument overlooks the district court’s actual sentence: the court chose to couple a brief period of incarceration with the extended supervision of probation. Absent probation, a longer sentence would have been likely. And had the court chosen to couple probation with suspended execution of sentence it might have chosen a longer suspended sentence to promote compliance with the terms of probation. Nevertheless, the court probably imposed a different sentence than it otherwise would have. See Roberts v. U. S., 320 U.S. 264, 273, 64 S.Ct. 113, 88 L.Ed. 41, 46 (1943) (dissenting opinion). The possibility of prejudice, though hardly conclusive, is a colorable theory.
(3) Defendant’s assertion of his right. The defendant maintains that he “asserted his speedy-trial rights at his first opportunity. When the revocation hearing first opened, [he] immediately argued that suspension of imposition of the sentence as to Count 2 violated [his] 6th Amendment right.” (Emphasis added.) This assertion of rights was not timely in any sense that would have allowed the district court to prevent the alleged delay. The defendant should have asserted his right when the court suspended imposition of sentence and placed him on probation.
Prior to Barker v. Wingo some courts treated a defendant’s failure to demand a speedy trial as a waiver. The Barker v. Wingo Court rejected this as a strict rule, but emphasized “that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.” Although the defendant has no right to refuse probation and demand an immediate sentence, Cooper v. U. S., supra, the court might have chosen to impose a sentence and suspend its execution had defendant alleged a speedy-trial right.
(4) Reason for delay. The federal probation statute specifically authorizes delayed imposition of sentence,[2] so an inquiry into the reason for delay is ultimately an inquiry into the reasonableness of the federal statute. The statute basically serves a rehabilitative purpose: it allows a convicted criminal to be placed on probation rather than serving a sentence. The statute provides two alternative methods: the court may suspend the imposition of sentence or it may suspend the execution of sentence. Whichever method is used, it is always possible that a sentence may eventually be imposed and executed. This general purpose is certainly reasonable. Probation is conditioned on the defendant’s behaving a certain way, and a sanction is needed to prompt compliance and to punish noncompliance. As to the distinction between these two methods, defendant argues that suspended execution of sentence should be the preferred method. In effect, defendant argues that the statute itself provides a less violative means for achieving its purposes. *272 Suspended execution of sentence provides an adequate sanction without giving rise to the prejudice defendant alleges. The sentence would be definite before probation began, and a greater sentence could not be imposed upon revocation of parole. Roberts v. U. S., 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943).
The legislative history, recounted in Roberts v. U. S., supra at 267-272, 64 S.Ct. 113, 88 L.Ed. at 43-46, shows that Congress clearly intended to provide the two alternative methods. Which method should be used was a source of controversy, and different versions of the Act considered over a ten-year period variously preferred one method over the other. The Act as eventually passed left the choice of method to the district court’s discretion.
The dissent to Roberts v. U. S. suggests the reason for delayed imposition of sentence. “Since assessment of an appropriate punishment immediately upon conviction becomes very largely a judgment based on speculation, the function of probation is to supplant such speculative judgment by judgment based on experience.” 320 U.S. at 273, 64 S.Ct. at 118, 88 L.Ed. at 46. Suspended execution of sentence could not further the goal of sentencing based on greater knowledge.
The possible prejudice which defendant alleges — that the sentence he received, though within the statutorily prescribed limits for the offense, was more severe than the sentence he would otherwise have received — follows directly from the goal of sentencing based on greater knowledge. The sentencing court is able to impose a more appropriate sentence because of its observation of defendant’s conduct on probation. The alleged prejudice is merely an incident of the court’s ability to impose a more appropriate sentence.
The provision for suspended imposition of sentence ultimately serves the statute’s rehabilitative purpose. It is reasonable and benefits offenders. Its general purpose of facilitating probation works to an offender’s benefit, and giving the court power to suspend imposition of sentence likely works to an offender’s benefit as well. Without this power the court might grant probation only with a severe sentence or not at all.
Barker v. Wingo indicates that all the factors it outlined should be weighed in a balance. In this case not only was the delay reasonable but the prejudice is only speculative, and the defendant’s failure to assert his rights weighs heavily against him. Defendant’s right to speedy trial was not violated.
Other cases have held simply that delayed sentencing does not violate the right to speedy trial when the delay serves a reasonable purpose.[3] But our conclusion that the delay in this case was reasonable does not necessarily mean that delayed imposition of sentence for probation will always be reasonable. We might have a different case had defendant requested imposition of sentence when he was placed on probation. But as it was, defendant accepted the benefits of probation, and only now, after he has been unable to comply with the terms of his probation, does he alert the court to his concerns. In these circumstances the delay was not “purposeful or oppressive.” See Pollard v. U. S. The probation itself worked for defendant’s benefit, and any inability of the district court to suspend imposition of sentence might have worked against defendant’s interests.
The petition for rehearing is DENIED.

. If a split sentence is imposed, such as in this case, any further incarceration will be pursuant to the court’s sentence and will thus lack the oppressive character of pretrial incarceration.

. “Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.”
18 U.S.C. § 3651.

. Courts have held that delay is reasonable pending the trial of codefendants, Welsh v. U. S., 348 F.2d 885 (CA6, 1965); U. S. v. Sherwood, 435 F.2d 867 (CA10, 1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1381, 28 L.Ed.2d 649 (1971); Kaye v. U. S., 235 F.2d 187 (CA6, 1956); Lott v. U. S., 309 F.2d 115 (CA5, 1962), the trial of the defendant on other charges, Brooks v. U. S., 423 F.2d 1149 (CA8), cert. denied, 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111 (1970); Post v. U. S., 500 F.2d 582 (CA8, 1974); U. S. v. Tortorello, 391 F.2d 587 (CA2, 1968); U. S. v. Pruitt, 341 F.2d 700 (CA4, 1965), the defendant’s completion of a state sentence, Treakle v. U. S., 327 F.2d 82 (CA9, 1964), the completion of a presentence report, see U. S. v. Williams, 407 F.2d 940 (CA4, 1969), or the completion of a parole recommendation study, U. S. v. Campbell, supra; see U. S. v. James, 459 F.2d 443 (CA5), cert. denied, 409 U.S. 872, 93 S.Ct. 202, 34 L.Ed.2d 123 (1972).