**Harry HERRIN, Plaintiff,**

v.

**L. M. COLLINS & ASSOCIATES, INC., a Virginia Corporation, and Houze Glass Corporation, a Pennsylvania Corporation, Defendants.**

Civ. A. No. 79–915.

United States District Court, W. D. Pennsylvania.

Jan. 30, 1980.

George C. Entenmann, Entenmann & McKinney, Pittsburgh, Pa., for plaintiff.

Ronald F. Talarico, James J. Restivo, Jr., Pittsburgh, Pa., George Moran, Annandale, Va., for defendants.

OPINION

COHILL, District Judge.

Defendants have moved for a summary judgment in their favor in this antitrust action brought by a former employee of one of them. They have also moved to dismiss a pendent state claim, and, as an alternative to the summary judgment motion, for a change of venue. The plaintiff is Harry Herrin, an individual; the defendants are L. M. Collins & Associates, Inc. ("Collins, Inc."), a Virginia corporation which had employed plaintiff for a brief period of time,

and Houze Glass Corporation ("Houze Glass"), a Pennsylvania corporation. Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is proper if there are no relevant facts in dispute and if defendants' legal theory—that plaintiff failed to state a claim—is correct. One other test for summary judgment is whether the tendered claim "is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force." *Whitaker v. Coleman*, 115 F.2d 305 (5th Cir. 1940).

## I.

Defendant, Collins, Inc., a producer of novelty products, developed an idea to market glassware and trays imprinted with logos of National Football League teams. Collins, Inc. obtained a license from the NFL to use the team logos and contracted for defendant Houze Glass to manufacture and decorate with the logos a type of drinking glass for which Houze Glass held a patent. Under the contract Collins, Inc. was to buy the finished glasses from Houze Glass and use its best efforts to market them.

Shortly after this contract was executed, Collins, Inc. hired the plaintiff to manage the marketing of the NFL glasses and other products. The employment agreement specified that plaintiff's employment would be for an indefinite time. Collins, Inc. placed an order with Houze Glass for the production of over one million of these glasses. Plaintiff, however, fumbled the ball, obtaining firm orders for only about $1500.00 worth of glasses. Two months after he was hired, plaintiff was given three weeks' notice of termination, worked those three weeks and then was let go. Mr. Collins, the president of Collins, Inc., turned to Houze Glass for help in marketing its excessive supply of glasses. Mr. Collins and Mr. Valiant, the president of Houze Glass, had discussed the difficulties in this venture prior to, and following, plaintiff's discharge. Eventually Collins, Inc. and Houze Glass tried a new ball game, whereby Houze Glass took over marketing and distribution

of the glasses. This also failed, and Collins, Inc. ultimately lost the NFL logos license as well as some money.

Plaintiff filed suit against both Collins, Inc. and Houze Glass in a Virginia state court, alleging breach of the employment contract by Collins, Inc. and tortious interference with contract rights by Houze Glass. That action was dismissed by the Virginia court.

Tenaciously, plaintiff has now turned to this court, alleging the same facts as in the Virginia suit but adding claims of violations of the federal antitrust laws—§§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, and § 3 of the Clayton Act, 15 U.S.C. § 14. The defendants have moved to dismiss or for summary judgment, arguing that the plaintiff has failed to state a claim upon which relief can be granted under the antitrust laws. If plaintiff's antitrust claim fails, all parties concede that this Court shall have no jurisdiction over the pendent contract claim.

## II.

The plaintiff alleges that the defendants conspired to remove him from his position with Collins, Inc. and to deny him property rights in the business venture to sell NFL items. The plaintiff characterizes these actions as "anticompetitive." He also claims that he left his prior employment to join Collins, Inc. in order to obtain a property interest in the marketing of this specific product; thus he attacks defendants' characterization of an "employment relationship" between him and Collins, Inc. Finally, plaintiff asserts that there are disputed facts, such as his status, which preclude the granting of a summary judgment.

■ None of these claims is logically convincing nor legally meritorious. Taking them in reverse order, we first find that the facts which are relevant to the resolution of the antitrust issue are undisputed. The brief outline in part one of this opinion was described in exhibits, briefs, and at oral argument; plaintiff has neither submitted a counteraffidavit nor challenged those facts, except for the characterization of his

relationship with Collins, Inc. However, that relationship is a matter of legal interpretation, not simply of fact. Plaintiff correctly notes that summary judgment is rare in antitrust cases. In *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1961), the United States Supreme Court wrote,

> We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot.

However, this is hardly a "complex" antitrust case. We hold that the plaintiff's signing of a document entitled "Employment Agreement," providing that it was to last for an "indefinite period," his receipt of a regular salary, and his pursuit of a claim for breach of the employment contract in the Virginia courts establishes an employer-employee relationship as a matter of law. Aside from plaintiff's status, no material facts are disputed.

The question then becomes whether an employee, who is terminated from his employment by a corporation with an exclusive license (the NFL logos) to produce a product, has suffered an antitrust injury giving rise to a cause of action under the federal antitrust acts.

We begin with the proposition that a termination of employment, without more, does not give rise to an antitrust cause of action. *Bravman v. Basset Furniture Industries, Inc.*, 552 F.2d 90, 95–99 (3d Cir. 1977), teaches that the district courts must consider a wide range of factors to determine whether an employee has standing to sue an employer on an antitrust claim: the employee's relationship to the defendants, his position in the area of the economy threatened by the allegedly illegal acts, the directness of his alleged injury, and the legislative policies underlying the antitrust acts. We have determined that here an employment relationship existed. It was of short duration; there has been no

allegation that the employee invested any capital in the enterprise, and there has been no claim that the employee competed with either of the defendants prior to joining one of them. It is doubtful he could have competed where the product was produced under an exclusive NFL license.[1] *See Joseph E. Seagram & Sons, Inc. v. Hawaiian Oke Liquors Ltd.*, 416 F.2d 71 (9th Cir. 1971), *cert. den.* 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970). Therefore, his *only* role relative to the market for NFL glasses was as an employee of their originator. He had no property interest in the product and no market position to lose. Although his alleged injury—loss of his job—was direct to him, it was not related to any anticompetitive activity. The contract between the defendants continued after his exit, although modified, and no market conditions changed. Finally, the Congressional policies underlying the antitrust laws would not be served by extension of those laws in this case. As the United States Supreme Court observed in *Brunswick v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977), a plaintiff attempting to recover under the Sherman Act "must prove *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent . . . ." We believe that the focus on the plaintiff's "injury" rather than the defendants' conduct is particularly appropriate in examining whether a claim has been stated in antitrust cases where the former is tangible and the latter, elusive. Where we have concluded that plaintiff had no property rights to lose, it follows that his contention that the defendants conspired to deprive him of property rights must fail.

This Court recently considered another attempt by employees to state an antitrust claim where the essence of the action was employment relations—in that case, alleged discrimination. *Marchwinski v. Oliver Tyrone Corp.*, 83 F.R.D. 606, 609–612 (W.D.Pa.1979). There we held that the "only possible 'anticompetitive' effect [was]

---

1. He was free at any time before or following his employment to produce a competitive product—glassware with some other design, for example.

that of preventing all women from competing with all men . . . or, what is more forthrightly called 'sex discrimination'." Here the only effect that could be established on the facts alleged is the removal of an individual employee from the physical marketplace, i. e., the loss of employment. Where the operation continues without that individual and there is absolutely no indication that that individual was or had been a competitor in the relevant market, no antitrust injury can be established.

### III.

Summary judgment will be granted for the defendants. We need not reach the question of change of venue since the case will be dismissed. Lacking jurisdiction of a federal cause of action, we must decline jurisdiction over the pendent state contract claim.

An appropriate order will be entered.