**Hubert P. ROUGEAU,**
**Plaintiff–Appellant,**

v.

**HYDRAULIC WORKOVER, INC., et al.,**
**Defendants–Appellees,**

v.

**CONTINENTAL INSURANCE**
**COMPANY,**
**Intervenor–Appellant.**

**No. 80–3131**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 26, 1981.

James M. Funderburk, Houma, La., for Rougeau.

Charles V. Guilbault, Terrence C. Forstall, New Orleans, La., for Continental.

Adams & Reese, Robert B. Nolan, New Orleans, La., for Hydraulic.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant, Hubert P. Rougeau, brought this action for personal injuries sustained while working aboard a fixed drilling platform in the Gulf of Mexico. Rougeau claims that he was injured when Appellee, Hydraulic Workover, Inc., which was operating a hydraulic snubbing unit on the platform, negligently permitted a snubbing pipe to be lowered at an excessive rate of speed striking him on the head. After a bench trial, the District Court found that the sole cause of the accident was not the negligence of Hydraulic Workover, but rather the inattention of Rougeau, and accordingly rendered judgment in favor of Hydraulic Workover. Because we are unable to say that these findings are clearly erroneous, we affirm.

The pertinent facts can be briefly summarized. Rougeau was a roughneck employed by Booker Drilling Company. On the day of the accident, October 9, 1977, Rougeau was working on a fixed oil platform, owned by Gulf Oil Company, in the

Gulf of Mexico. Neither Booker nor Gulf are parties to this action. Employees of Hydraulic Workover were operating a hydraulic snubbing unit on the platform, used to remove section of snubbing pipe approximately 30 feet long from the well and by means of an elevator or metal sling lower the pipe onto a pipe rack. Rougeau and a fellow roughneck, Ulysses Boudreaux, were stationed near the pipe rack to receive the pipe as it was being lowered. Rougeau alleges that he was struck on the head when Hydraulic Workover permitted a section of pipe to be lowered at an excessive rate of speed.

Because this case was brought in District Court under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 et seq., the negligence law of Louisiana governs. 43 U.S.C. § 1333(a)(2); *see Walker v. Tenneco Oil Co.*, 615 F.2d 1121, 1123 (5th Cir. 1980); *Mott v. Odeco*, 577 F.2d 273, 275 n.2 (5th Cir. 1978), *cert. denied* 440 U.S. 912, 99 S.Ct. 1226, 59 L.Ed.2d 461 (1979). The District Court found that any injury to Rougeau was caused not by negligence on the part of Hydraulic Workover, but rather by Rougeau's failure to observe the pipe section as it was being lowered as it was incumbent on him to do. Upon review of the record in this case, we are unable to say that these findings are clearly erroneous. F.R.Civ.P. 52(a); *Texas Urethane, Inc. v. Seacrest Marine Corporation*, 608 F.2d 136, 140 (5th Cir. 1979).

The only other witness besides Rougeau who testified that the pipe section was lowered at an excessive rate of speed was Rougeau's fellow roughneck Boudreaux, who participated in the pipe receiving operation. However, on cross–examination Boudreaux conceded that the pipe lowering equipment was working properly before and after the accident, that the same operator continued to operate the equipment, and that the same people, with the exception of Rougeau, continued to participate in the total operation. The District Court was entitled to credit, or discredit, Boudreaux's testimony concerning the rate at which the pipe was lowered, and was clearly entitled to infer from Boudreaux's other testimony that the pipe which allegedly struck Rougeau was being handled by Hydraulic Workover in a satisfactory routine manner, a determination expressly made by the court.

The District Court's finding that the sole cause of the accident was Rougeau's failure to observe the pipe as it was being lowered is also supported by the evidence. Ronald Griffin, Rougeau's supervisor, testified that he instructed his roughnecks that they should never take their eyes off the pipe as it was being lowered. Boudreaux testified that immediately prior to the accident he turned around and faced Rougeau at a time when the pipe being lowered was approximately 15 feet above Rougeau's head and began to "drop" rapidly. At that point, he testified, Rougeau was looking straight ahead rather than at the pipe. The court was certainly entitled to conclude, and impliedly did, that Rougeau could have avoided the accident by paying proper attention to the pipe being lowered as it was incumbent upon him to do.

We believe that the District Court's conclusion that the accident resulted from negligence on the part of Rougeau rather than Hydraulic Workover is amply supported by evidence developed at trial. We find no basis for Rougeau's contention that the court's fact findings were merely drawn from inferences from undisputed facts and consequently we do not believe that appellate review broader than the clearly erroneous standard is appropriate in this case. *See Mayo v. Pioneer Bank & Trust Company*, 297 F.2d 392, 395 (5th Cir. 1961). We also find without merit Rougeau's contention that the District Court failed to make fact findings with sufficient particularity as required by F.R.Civ.P. 52(a). *See Curtis v. C. I. R.*, 623 F.2d 1047, 1051 (5th Cir. 1980).

AFFIRMED.