**Robert E. ALFORD, Plaintiff-Appellant,**

v.

**POOL OFFSHORE COMPANY, Defendant-Appellee.**

**No. 80–3835**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1981.

Andrew Weltchek, Kevin A. Galatas, New Orleans, La., for plaintiff-appellant.

Michael D. Meyer, New Orleans, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

### Facts

Here we have yet another entry in the ongoing series of oil rig accidents. Appellant Robert Alford worked for Louisiana Offshore Caterers as a cook on board a Pool Offshore Company drilling rig that piggybacked a fixed Mobil Oil Company platform on the Outer Continental Shelf. On November 18, 1978, Alford left his quarters to take a shower. In order to do so, he had to walk through the kitchen and climb a ladder to another level. At the top of the "stairs", he noticed a pool of grease or oil, approximately seven inches in diameter. He proceeded to shower and then started to return to his quarters along the same route. Forgetting what he had earlier noticed, he stepped in the grease as he reached for the ladder. He slipped and fell, sustaining injuries which necessitated major back surgery.

On February 2, 1979, Alford filed suit against Pool Offshore. He made two claims: negligence under Art. 2315, La.Civ. Code and strict liability in tort under Art. 2322.

Pool Offshore filed a timely motion for summary judgment, but, due to a mixup in communication between counsel, neither party showed up for the August 20, 1979 hearing on the motion. The District Judge proceeded and denied the motion, concluding that plaintiff was "entitled to a fair day in court" and that there was a "factual dispute as to the degree of negligence involved."

Pool Offshore subsequently renewed its motion for summary judgment, and on September 24, the District Judge granted it. Alford now appeals.

### Discussion

Summary judgment under Rule 56, F.R. Civ.P., although an extremely useful device for putting an end to unnecessary litigation, must be used with caution. "Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its coils and deprive them of a trial." *Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir. 1940). Rather, it is available "only when the pleadings, depositions, affidavits, and admissions filed in the case 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962);

*Cubbage v. Averett*, 626 F.2d 1307 (5th Cir. 1980). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial. For reasons given below, we believe that factual issues are in dispute, and accordingly we reverse and remand for trial.

By virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a)(2)(A), Louisiana surrogate law applies to this federal court action. *Rodrigue v. Aetna Casualty Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969); *Mott v. ODECO*, 577 F.2d 273 (5th Cir. 1978). Alford makes two claims under Louisiana law. First, he alleges that Pool Offshore negligently operated and maintained the drilling rig, for which it is liable under Art. 2315, La.Civ.Code.[1] Pool Offshore responds that Alford, by forgetting about the puddle of grease, was contributorily negligent. Contributory negligence is a complete defense under Louisiana law. As the District Judge observed when he granted the motion for summary judgment, "I don't think there is doubt but there is contributory negligence here, and the 2315 claim under the state of Louisiana law at the time of this accident would be barred by contributory negligence." Even giving Alford the benefit of all possible doubt, we find that the District Court's disposition of the contributory negligence defense to the Art. 2315 claim was correct.

But Alford also makes a claim of liability without fault under Art. 2322, La.Civ.Code.[2] He alleges that Pool Offshore, the owner of the rig, is liable for any mishaps that occurred as a result of the rig's condition. Although *Moczygemba v. Danos & Curole Marine Contractors*, 561 F.2d 1149 (5th Cir. 1977), makes clear that "ruin" as employed in the Louisiana statute means more than a mere defective condition, Alford should have the opportunity to attempt to prove that the rig was, in fact, "ruined".

Contributory negligence is not a defense to strict liability. *Rodrigue v. Dixilyn Corporation*, 620 F.2d 537 (5th Cir. 1980) (construing Louisiana law); *Langlois v. Allied Chemical Corporation, Inc.*, 258 La. 1067, 249 So.2d 133 (1971). It takes something more, either assumption of risk or "voluntarily encountering a known unreasonable risk," 620 F.2d at 544, *citing* W. Prosser, *Law of Torts*, §§ 79, 103 (4th ed. 1971), to make a good defense to a strict liability action. The District Judge held that Alford's testimony established this kind of further contributory negligence or assumption of risk. Here, we believe, he infringed upon the role of the jury. The degree of Alford's negligence is a matter of fact which the jury should decide.

We, of course, express no opinion as to the merits of Alford's claim.

REVERSED AND REMANDED.

---

1. *Liability for acts causing damage* * * *

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

2. *Damage caused by ruin of building*

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.